## WILLIE VAUGHN V. THE STATE.

No. 9484.    Delivered October 7, 1925.

Rehearing Denied January 27, 1926.

1.—Rape—Evidence—Elicited by Accused—No Error Presented.

Where, on a trial for rape, counsel for the accused proved that the District Attorney had appellant brought out of jail, and confronted him with prosecutrix, and asked him to repeat in her presence, words used by the party assaulting her.    Such testimony would have been clearly inadmissible if sought to be developed by the state, but in view of the fact that it was elicited by his own counsel, appellant will not be heard to complain of its introduction.    Following Pitts v. State 132 S. W. 801 and other cases cited.

**2.—Same—Evidence—Held, Sufficient.**

In view of the infliction of the maximum punishment of death, we have carefully examined all the evidence in this case as it is brought before us in this record. The identification of appellant by prosecutrix, is corroborated by other cogent and convincing circumstances, which on a most careful consideration by us we believe fully authorized the verdict of guilty, and finding no errors committed on the trial, the judgment is affirmed.

### ON REHEARING

**3.—Same—Bill of Exception—Incomplete—No Error Presented.**

The only error claimed by appellant, is presented by him in a bill of exception, which is incomplete in that it does not meet the requirements of our statutes, and the rules laid down by this court. We have reviewed the error assigned in this bill, only because of the infliction of the death penalty.

**4.—Same—Continued.**

If there was error in causing appellant to be brought into the presence of prosecutrix, in the District Attorney's office, appellant's bill complaining of this matter, which embraces other evidence which was clearly admissible, presents no error that we can pass upon. The principle is the same, frequently announced, that "a bill of exception is too general to be considered if it includes a number of statements, some of which are clearly admissible, and there is nothing in the objection to directly challenge or single out the supposed objectionable evidence." See Branch's Ann. Tex. P. C., Sec. 211.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction of rape, penalty assessed at death.

The opinion states the case.

*J. E. Greer,* of San Antonio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was indicted, tried and convicted in the 94th District Court of Bexar County, for the offense of rape upon one Eilee Corrigan and his punishment assessed at death.

The record discloses but one bill of exception reserved by the appellant which is in question and answer form and under the statutes of this state, Art. 846, and the decisions thereon, we would not be unauthorized to consider same. However, same fails to disclose any error in the ruling of the trial court. The complaint therein is made to the District

Attorney's having the defendant brought out of jail and in the presence of the prosecutrix asking him to repeat the words which the prosecutrix contended were used by the party assaulting her, and which were "shut up or I will kill you." This testimony is shown by the bill was elicited and brought before the court and the jury, not by the State's attorney but by the Defendant's attorney, and we fail to see any error shown by the bill that could have possibly been injurious to the defendant, and especially in view of the fact that the testimony was elicited by his own counsel. Pitts v. State, 132 S. W. 801; Hahn v. State, 165 S. W. 218; White v. State, 62 S. W. 749.

It is further contended by the appellant that the evidence is insufficient to sustain the conviction in this case. The record discloses that on the morning of the 8th day of December, 1924, between six o'clock and 6:30 o'clock the prosecutrix was on her way to Mass and as she started through Madison Square Park in the City of San Antonio, she was accosted by someone and assaulted and ravished and when she screamed she was ordered to "shut up" and told "if you scream again I will kill you." The record shows that it was dark at the time and that the prosecutrix testified and described the assaulting party as being large and had on dark clothes and had a large nose and having grabbed his nose with her hand in fighting and scratching him, and further testified "I have seen the defendant in this case twice, once at the Robert B. Green Hospital and the other time in Mr. Chambers' office, and to the best of my judgment the defendant, Willie Vaughn, is the one who grabbed me in Madison Square Park, San Antonio, Bexar County, Texas, on the morning of December 8th, 1924. I have stated that the party drug me there in the park and that I fought back, and the next thing that I knew after that I was walking around. I do not remember a thing after I scratched him. Before I entered the park my private parts were not hurt nor were they bleeding, but after this incident at the park my private parts hurt and bled. When I came to I was just walking around the park, and I was taken to some home but I do not know where, and then I was taken to 516 Dallas street and then to the Robert B. Green Hospital and I stayed there from Monday till Tuesday noon, then I was taken to the Santa Rosa and stayed until the following Tuesday. Doctor I. Stansell was the first doctor that attended me." This

witness further stated that "If the defendant, Willie Vaughn, had intercourse with me on the morning of December 8th, 1924, it was without my consent." And stated further that the party who had assaulted her had been drinking and she smelled whiskey on his breath. This witness further testified that the first time she remembered clearly after the assault was about an hour and a half after she was assaulted, and that she bases her judgment of the identity of the defendant on his size and his voice, and that when assaulted she had a Rosary case, a vanity case with fifty cents in it, and as to her body, she was bruised on her whole body and her neck and the other parts mentioned, and identified the articles which she had in her hand at the time of the assault and which the testimony shows were found by other parties thereafter.

The record discloses that the defendant is a negro, and by the State's witness that he and another party were out with a couple of women in an automobile up to three o'clock on the morning of the assault and that said defendant at said time was drinking and had whiskey with him, and the evidence thereafter fails to disclose the whereabouts of the appellant unless state's evidence places him at the place of assault, until about seven o'clock or from thirty minutes to an hour after the alleged assault. The evidence of the state further discloses that about seven o'clock on the morning of said date that he went to the State's witness, John Davis's house changed his clothes and ate breakfast and that said witness Davis discovered that appellant had a scratch across his nose, and had none when he left the evening before. This witness further testified that the evening prior to the alleged assault the following morning that he loaned to the defendant his flashlight and when he asked the defendant about it the following day he claimed he traded it off to a Mexican for a flask of whiskey. This witness Davis identified the flashlight found by the state's witnesses at the scene of the assault as being his, and the one loaned to the defendant the evening before. This witness further testified that the defendant desired to go out of town in an automobile on said morning of the alleged assault and that he accompanied him and that he was nervous and told the said witness and another woman that if the law asked when he got in to tell them that he got in at three o'clock that morning and he stated that he did not desire to come back to the City until night because he didn't want to meet

or have any trouble with the law. There were several witnesses for the State who testified to having heard the screams of the prosecutrix in and near the scene of the alleged assault, and one of them to seeing a negro man about the size of defendant and resembling him, and it was further shown she went to one of the State's witnesses' house where the State witnesses testified that she was hysterical, very nervous and that they notified the officers and the officers came and went to the alleged scene of the assault together with other parties who testified for the State to the effect that they found where the ground appeared to have been kicked up and a scuffle had occurred and found the articles identified and claimed by the prosecutrix and also the flashlight claimed by the witness Davis and a button. The testimony further shows that the defendant had a top button missing off of his coat and the button found was of the same kind and size of the other buttons on the coat shown to belong to defendant and like coat worn by him that night. The defendant failed to take the stand, or introduce any evidence in any way tending to refute the testimony of the State.

With the above facts before us, and after a careful examination of the entire record, we are forced to the conclusion that the evidence in this case fully authorized the jury to find the defendant guilty, and finding no error committed in the trial of this case, we are of the opinion that the judgment of the trial court should be and the same is hereby affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists we were wrong in holding that the only bill of exceptions appearing in the record does not present error calling for reversal.

As stated in the original opinion, the bill might well be dismissed without consideration, for being in question and answer form. Art. 846, Vernon's C. C. P.; Reese v. State, 95 Tex. Crim. Rep. 220, 249 S. W. 857, and the many authorities therein collated; Taylor v. State, 265 S. W. 152; Broussard v. State, 271 S. W. 385. However, the death penalty having been assessed we have considered the bill notwithstand-

ing this defect. It shows that prosecutrix on direct examination testified that the party who committed the assault upon her used the words, "Shut up or I will kill you," and said to the best of her judgment she had heard the voice of that party since and the voice was that of appellant. It developed upon cross-examination that since the assault she had seen appellant twice. The first time he was taken to the hospital where prosecutrix then was. Appellant's counsel asked what her judgment was as to the identity of appellant upon that occasion and she replied "It was the same as it was the second time, that his build was the same and his voice the same." Nothing is shown in the bill to indicate any improper occurrence at the hospital. The second time she saw appellant after the assault was in the district attorney's office. Complaint is made that on this occasion the district attorney had him repeat the words which prosecutrix claimed he used upon the night of the assault. An examination of the statement of facts reveals that further upon the question of identity she had testified that in the struggle with the party who assaulted her she got hold of his nose and scratched it; that she knew he was black and had a large nose. The evidence further shows that when appellant was seen by other witnesses shortly after the alleged assault his nose had been scratched which was not its condition when the witness had last seen him prior to the assault. After appellant developed by cross-examination what occurred in the District Attorney's office he filed motion in which he asked the court to exclude from the jury all the testimony of prosecutrix, which went to the identity of appellant. If the court had granted this motion it would have required a withdrawal from the jury of all evidence of prosecutrix that she recognized appellant at the hospital from his build and voice, although elicited on cross-examination by appellant himself, and also the evidence of said witness with reference to scratching the nose of her assailant, though such evidence went pertinently to the question of identity. If appellant conceived the transaction in the district attorney's office was improper because appellant was under arrest at the time he should have restricted his motion to the exclusion of that part of the testimony deemed to have been improperly secured. The principle is the same frequently announced that "a bill of exception is too general to be considered if it

includes a number of statements some of which are clearly admissible, and there is nothing in the objection to directly challenge or single out the supposed objectionable evidence." Branch's Ann. Tex. P. C. Sec. 211. We hold therefore that the bill presents no such error as would demand a reversal.

The motion for rehearing is overruled.

*Overruled.*