MOSE BING V. THE STATE.

No. 9797.    Delivered January 20, 1926.

Rehearing denied March 3, 1926.

1.—Possessing Mash—Evidence—Bias of Witness—Properly Admitted.

Where, on a trial for possession of mash, for the purpose of manufacturing intoxicating liquor, there was no error in permitting the state on cross-examination of the appellant's witness Barton to show that he had employed lawyers to defend appellant, and to his having employed lawyers to defend other negroes charged with violation of the liquor law, all of said testimony being permissible to show the interest and bias of the witness. Following Magruder v. State, 33 S. W. 233 and other cases cited.

2.—Same—Evidence—Declarations of Defendant—Properly Admitted.

Where the state was permitted to prove a conversation between appellant and the officer who discovered the mash and appliances for making whiskey on appellant's premises, almost immediately after the finding of the mash, no error is shown. This court has frequently held under similar circumstances that such testimony was admissible as part of the res gestae. Following Coburn v. State, 255 S. W. 613.

3.—Same—Evidence—Harmless, if Error.

Where a witness was permitted to testify that the mash found on appellant's premises contained sugar, that he tasted it, and it was sweet, such testimony, if erroneous, was harmless under the facts of this case.

4.—Same—Charge of Court—On Defensive Issue—Correct.

Where appellant's defense is that the mixture found by the officers in defendant's smoke house was corn chops put up by defendant solely for the purpose of feeding his hogs, this issue having been affirmatively presented in the court's charge, no error is observed. See Art. 743, Vernon's C. C. P.

ON REHEARING.

5.—Same—Bill of Exception—Practice on Appeal.

Many authorities are collated under Sec. 211, Branch's Ann. Tex. P. C. supporting the proposition that a bill is too general if it includes a number of statements, some of which are clearly admissible, and there is nothing in the objections to directly challenge or single out the supposed objectionable evidence. Measured by this rule, appellant's objection to a

part of the conversation between appellant and Officer White, his bill being taken to all of it, and a part of it being clearly admissible, nothing is presented for our review.

**6.—Same—Res Gestae Declarations—Under Arrest—Are Admissible.**

Where statements made by the accused after arrest are res gestae, they are admissible without reference to Art. 727 C. C. P. providing the manner of proving confessions. This has long been the recognized rule in this state. Following Calloway v. State, 92 Tex. Crim. Rep. 506 and other cases cited.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*George W. Johnson* of New Boston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Bowie County for the offense of possessing mash for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

Briefly stated the record discloses that the deputy sheriff White and the federal enforcement officer, McDonald, searched the premises of the appellant, and found a barrel of mash in a box in his smoke house, and a furnace, an iron barrel and a bucket, which the state contended was used for the purpose of manufacturing liquor. It was the contention of the appellant that the mash was used for the purpose of feeding his hogs, and the barrel and furnace were used by his wife for washing purposes.

Complaint is made to the action of the court in permitting the state, on cross-examination, to ask the witness Barton relative to employing lawyers to represent the appellant, and to having said lawyers employed by the year to represent him in his business, and to having said lawyers to defend other negroes charged with violation of the liquor law and other crimes, and to finding a still on his premises in addition to the still in question. It is urged by appellant that this testimony was involving separate offenses, and was highly prejudicial

to his rights before the jury. The court in qualifying this bill states that it was admitted for the purpose of showing interest and bias on the part of the witness. We think there was no error in the admission of this testimony, and that the state was clearly entitled to show the interest and bias of said witness, although it might involve other offenses. This question as we view it, is well settled by the authorities of this state. Magruder v. State, 33 S. W. 233; 35 Tex. Crim. Rep. 219; Edwards v. State, 172 S. W. 232, on rehearing; Graham v. State, 265 S. W. 592.

Appellant complains of the action of the court in permitting the state, over his objection, to have the witness White testify that after discovering the equipment and mash in the smoke house of the appellant, he went to where appellant was at work and requested him to go up to the house with him, at which time the following conversation took place between them:

" 'What is the trouble, you must have found something,' and I says, 'Mose, I am surprised at you,' and I says, 'Mose, I am surprised at you, just getting out of trouble and here you are in again.' and he says, 'Mr. White, the boys are coming home Christmas and I haven't got any money to give them, and was going to make them a little; let's just pour it out and say nothing about it,' and I said, 'you don't want me to go to the penitentiary, do you? * * * And I believe he told me a negro over in the Piney Grove settlement had the worm.' "

The objection urged to said testimony is that the appellant had not been properly warned and said statements were made while under arrest. The court in qualifying these bills states that said conversation took place immediately after finding the mash, and was res gestae of the offense, and although it did not appear that the defendant had been put under arrest, the officer stated it was the purpose to arrest the defendant, though he had not so informed the defendant. We think the contention of the appellant in this particular is untenable. This court has frequently held, under similar circumstances, such testimony was admissible as part of the res gestae. Coburn v. State, 255 S. W. 613.

Complaint is urged to the action of the court in permitting the witness McDonald to testify that the mash in question contained a certain quantity of sugar, and that there was corn sugar in the mash, he guessed. The witness testified that he tasted the mash in question, and it was sweet. We are of the opinion that if there was any error committed in the admission

of this testimony, it was harmless under the facts of this case.

Objection is urged to the court's charge and that portion of same in which the court submitted to the jury the defendant's defense to the effect that, "if you believe that the mixture found by the officers in the barrel in defendant's smoke house was corn chops put up by defendant solely for the purpose of feeding his hogs, or if you have a reasonable doubt as to this, etc.," to acquit the defendant.

It is contended by the appellant that if he had the mash for any other purpose than the manufacturing of whiskey, he was entitled to an acquittal. This contention is true, but defendant's defense was that he was using same only for hog feed, and no other issue was raised by his testimony, and the charge of the court was applying the law to the facts in the case. We are of the opinion that this charge was not erroneous and certainly not of such a nature as calculated to injure the rights of the appellant, or to show that the appellant has not had a fair and impartial trial. See Art. 743, Vernon's C. C. P.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—At appellant's request we have again considered his bills of exception one and two which raise the question as to the admissibility of the statements made by appellant to Officer White. In his motion he especially complains of what White said to appellant, viz: "Mose, I am surprised at you, just getting out of trouble and here you are in again," as conveying the idea that appellant had just escaped from one violation of the law and was now guilty of another. If there had been specific objection to this particular language of the officer the question would have been properly before us. Examination of the bills reveals that the objection urged was to the entire conversation, part of which we think unquestionably admissible as res gestae. Many authorities are collated under Sec. 211, Branch's Ann. Tex. P. C., supporting the proposition that a bill is too general if it includes a number of statements, some of which are clearly admissible, and there is nothing in

the objections to directly challenge or single out the supposed objectionable evidence.

Appellant urges that the statement made by appellant was in the nature of a confession and therefore not provable against him because the formalities required by Art. 727 C. C. P. (old Art. 810) had not been complied with. The very question was decided against appellant's contention in Calloway v. State, 92 Tex. Crim. Rep. 506, 244 S. W. 549, following Powers v. State; 23 Tex. Ct. App. 66, 5 S. W. 158, and holding if the statements were res gestae the confession statute had no application.

The motion for rehearing is overruled.

*Overruled.*