Simon Leal v. The State.

No. 10433.   Delivered February 2, 1927.

**1.—Murder—Practice on Appeal—Assignment of Error—Not Proper.**

The civil practice on appeal of presenting errors committed upon the trial by an assignment of errors does not prevail in this court, and it is to be regretted that our often-repeated statement, that on appeal to this court we consider only the bills of exception in matters of procedure, should be overlooked or disregarded by attorneys.   See Linder v. State, 94 Tex. Crim. Rep. 317; Whitfield v. State, 283 S. W. 857.

**2.—Same—Bills of Exception—When Incomplete—No Error Presented.**

Where a bill of exception complains of a question asked a witness and the answer to such question, and fails to set out the answer given in the bill, it is not possible for this court to determine whether the answer was improper or inadmissible.

**3.—Same—Continued.**

Also, when a bill complains of a question and answer, but does not set out the surrounding circumstances or antecedent facts, showing the connection of the matter complained of, with the issues before the court, we are without a guide to determine whether the matter complained of was error. Numerous bills of exception appear in this record in this condition, which cannot be intelligently considered by this court.

**4.—Same—Confession of Accused—Properly Admitted.**

Where appellant complains of the admission of his written confession introduced upon the trial, on the ground that same was not dated, there is no merit in the objection.   There is no reason why the state might not show this, otherwise than in the written confession.

**5.—Same—Evidence—Hearsay—Properly Excluded.**

Where a bill of exception complains that a witness was not permitted to state his understanding of a matter, about which he could evidently have no knowledge, except that obtained by hearsay, no error is shown in the exclusion of this hearsay testimony.

6.—Same—Confession of Accused—Bill of Exception Incomplete—No Error Shown.

Where a bill of exception sets out various objections to the admission of appellant's confession, but wholly fails to set out any facts supporting any one of the objections thus made, the bill is incomplete and presents no error.

7.—Same—Cross-Examination of Accused—Held Proper.

Where two confessions of appellant were introduced in evidence, it was proper for the state, on cross-examination, to ask appellant to explain apparent contradictions between such confessions. This was legitimate cross-examination.

8.—Same—Evidence—Harmless, If Error.

Where a witness was permitted to testify that when he first saw appellant on that morning, he had the appearance of having just been awakened, no error is observed in the admission of this testimony, and in any event no possible injury could have been done him by its admission.

9.—Same—Bill of Exception—When Multifarious—No Error Presented.

Where appellant complains in one bill of exception of the entire testimony of a witness, some of which is clearly admissible, and some of doubtful propriety, the bill is multifarious. Since the objection was made in solido, no error appears in the overruling of same. See Payton v. State, 35 Tex. Crim. Rep. 508; Vaughn v. State, 280 S. W. 772; Bing v. State, 280 S. W. 827.

10.— Same — Evidence — Voluntary Character of Confession — Properly Received.

Where appellant attacked the voluntary character of his confession, introduced, claiming that he was in such condition of mind that he could not make a voluntary confession, it was proper to permit the state to prove his appearance, acts and conduct at the time of taking same, which shed light on the issue thus raised.

11.—Same—Evidence—Statement of Appellant—Properly Received.

Where a witness had testified as to a conversation had with appellant, the fact that such conversation was had in Spanish, and through an interpreter would not affect its admissibility.

12.—Same—Evidence—Held Sufficient.

Where, on a trial for murder, the appellant made a confession admitting that he and another Mexican had killed the deceased by shooting him with a pistol, and that they took his money and divided it, and his confession was amply corroborated, we cannot say that this evidence was not sufficient to support the conviction, and the judgment is affirmed.

Appeal from the District Court of Cameron County. Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*H. L. Yates* of Brownsville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in Criminal District Court of Cameron County of murder, punishment five years in the penitentiary.

We find it difficult to appraise many of appellant's complaints as set out in his brief because based on and referring to assignments of error which do not even refer us to bills of exception supporting same, which in any event would compel us to try to find out, by an examination of said so-called assignments of error, what parts of the record same referred to. It is to be regretted that our oft-repeated statement that on appeals to this court we consider only the bills of exception in matters of procedure, should be overlooked. Linder v. State, 94 Tex. Crim. Rep. 317; Whitfield v. State, 283 S. W. 857. We have examined all of appellant's bills of exception appearing in the record.

Bills Nos. 1 and 2 complain of a question and answer. The answer is omitted in each instance. Nugent v. State, 273 S. W. 598. Bill No. 3 sets out a question and answer without a particle of showing as to the surroundings or antecedent facts. We are entirely without information therefrom by which we might determine the complaint. Bill No. 4 sets up that a *witness* had been advised of certain matters, and the objection made thereto as same appears in the bill, is to a statement that the *defendant* had been advised of a certain matter. The objection does not correspond with the statement and presents no error. Bill No. 5 apprises us that the witness Faulk had written out the confession of appellant, had read it to him, and had caused appellant to read it so as to make sure he understood it. We think complaint of this procedure in no way supports the proposition that this shows that the confession was not voluntary. An objection to the introduction of a written confession upon the ground that same is not dated, containing nothing within itself showing when it was made, presents nothing for review. We know of no reason why the state might not show otherwise than in the written confession, when same was taken.

Bill No. 7 complains because a witness was not permitted to state his understanding of a matter about which he could evidently have no knowledge except that obtained by hearsay. The objection was properly sustained. Bill No. 8 sets out the various

objections made to the admission of appellant's confession, but wholly fails to set out any facts supporting any one of the objections thus made.

Bill No. 9 complains of the fact that appellant was asked while a witness on the stand herein in reference to an apparent contradiction in one instance between two confessions made by him, both of which were in evidence, one put before the jury by the state and the other by the accused. We see no violation of any rule in the asking of such question. After appellant left the witness stand he was recalled by the state and asked in reference to that part of his second confession, which was at variance with his first, and in that connection was asked if he had not made the statement that his reason for changing that part of the confession was because he did not want to involve his family in trouble. We perceive no legitimate objection to such procedure. Two bills complain of the statements by witness Faulk that on the morning he first saw appellant he had the appearance of having just been awakened. The statement appears a shorthand rendering of the facts and would appear to be more objections to the weight than to the admissibility of the testimony.

Appellant's objection as appears in bill No. 13, was to a lengthy statement of the witness Faulk. The statement covers practically a page. Much of the statement set out was clearly admissible, and some was of doubtful propriety if it be given the construction placed upon it by appellant. Since the objection was made in solido, we are of opinion no error appears in the overruling of same. Payton v. State, 35 Tex. Crim. Rep. 508; Vaughn v. State, 280 S. W. 772; Bing v. State, 280 S. W. 827. Appellant had injected into the case the issue that he did not voluntarily make the alleged confession. He claimed that when he signed same he had been kept from sleep until he was in such condition of mind as that he could not make a voluntary confession. Evidence as to the appearance, acts and conduct of appellant at the time each of said confessions was made and between the time of taking same, which shed light on the issue thus raised, became admissible. What we have just said applies to bills of exception Nos. 13, 14, 15, 16 and 19.

In bill of exceptions No. 17 appellant sets out that Mr. Faulk was asked by appellant's counsel if his conversation with appellant was not in Spanish, and that upon receiving an affirmative answer, appellant moved that all testimony whatever of such conversations be stricken out because same were had through an interpreter. We see no merit in such motion.

The record shows that appellant introduced testimony showing

that he had a .38-caliber pistol, and that his grandmother told him she had taken it out of his trunk. This being true, we think the testimony complained of in bill of exceptions No. 18, which was in effect that the officers took appellant to his grandmother's house after his arrest to get the pistol he had left with her, and that he asked her for this pistol and she said it was not there, and that he insisted that she knew where it was because he put it in his trunk and if same was not there she had hid it— would appear entirely harmless as affecting any issue in this case. Appellant was given the lowest penalty for the offense charged.

There is a bill of exceptions complaining of the sufficiency of the testimony. We are unable to agree that the testimony is not enough to support the judgment. Appellant, deceased and others were shown to have been engaged in a gambling game. Deceased had a large sum of money. After the game broke up and deceased had left the place, it was shown that appellant came to him and told him that another Mexican, shown by this record to be charged with this offense, wanted to see him, deceased, back about the place where the game had been in progress. Appellant left, going back in that direction. Deceased also presently followed and was not again seen alive. His body was found dead from gunshot wounds. Appellant made a confession, admitting that he and the other Mexican above referred to killed deceased by shooting him with a pistol, and that they took his money and divided it.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*