### LEAL v. STATE.   (No. 10433.)

(Court of Criminal Appeals of Texas.   Feb. 2, 1927.)

1. **Criminal law ⬤⇒1090(19)—Only bills of exception in matters of procedure will be considered.**

Court of Criminal Appeals will consider only bills of exception in matters of procedure.

2. **Criminal law ⬤⇒1120(4)—Bill of exception, complaining of question and answer, must show answer, to be considered.**

Court of Criminal Appeals will not consider bill of exception complaining of question and answer, where the bill does not show what the answer was.

3. **Criminal law ⬤⇒1120(8)—Bill of exception, complaining of question and answer, must show surroundings or antecedent facts, to be considered.**

Court of Criminal Appeals will not consider complaint to question and answer, where bill of exception shows nothing whatsoever as to the surroundings or antecedent facts.

4. **Criminal law ⬤⇒1120(1)—Where bill of exception, and objection therein, presenting matter, do not agree, no error is shown.**

Where objection is to statement that defendant had been advised of a certain matter, but the bill of exception sets up that a witness had been advised of certain matters, no error is presented.

5. **Criminal law ⬤⇒531(3)—Confession held not shown involuntary because witness wrote it, read it to defendant, and caused defendant to read it.**

That witness wrote out confession of defendant, read it to him, and caused him to read it, so as to make sure that he understood it, held not to show that confession was involuntary.

6. **Criminal law ⬤⇒530—Written confession is not inadmissible because not showing date.**

That written confession is not dated, and does not show when it was made, does not make its admission error, since date may be shown other than by the written confession.

7. **Criminal law ⬤⇒419, 420(1)—Witness' testimony as to understanding, based on hearsay, was properly excluded.**

Witness' testimony as to his understanding of matter, about which he could evidently have no knowledge except that obtained by hearsay, was properly excluded.

8. **Criminal law ⬤⇒1120(6)—Bill of exception to admission of confession must set out facts supporting objections, to be considered.**

Bill of exception setting out objections to the admission of defendant's confession, but not setting out facts supporting any of the objections, presents no error.

9. **Witnesses ⬤⇒277(2)—Questioning defendant concerning contradiction between two confessions both in evidence, held not error.**

Questioning defendant, while witness, in reference to apparent contradiction between two confessions made by him, one introduced in evidence by the state and the other by the defendant, held not error.

10. **Witnesses ⬤⇒283—Recalling defendant and questioning as to variance between confessions and statement of reason for changing confession held not error.**

Recalling defendant to witness' stand and questioning him concerning portion of second confession at variance with his first confession, and inquiring if he stated that the reason for changing that part of the confession was because he did not want to involve his family in trouble, held not error.

11. **Criminal law ⬤⇒451(3)—Testimony that defendant, charged with murder, had the appearance of having just been awakened when witness first saw him held admissible.**

Witness' statement, that on the morning he first saw defendant, charged with murder, defendant had the appearance of having just been awakened, held mere shorthand rendering of the facts and admissible.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

12. Criminal law ⚖⇒695(6)—Overruling general objection to statement clearly admissible in part was not error.

Where much of witness' statement was clearly admissible, objection made thereto in solido was overruled without error.

13. Criminal law ⚖⇒531(2)—Evidence as to defendant's appearance, acts, and conduct at time confessions were made and between time of taking them held admissible, where defendant claimed they were secured by duress.

Where defendant, charged with murder, claimed that when he signed alleged confessions he had been kept from sleep until he was in such condition of mind that he could not make a voluntary confession, held that evidence was admissible to show his appearance, acts, and conduct at the time each of the confessions was made and between the time of taking them.

14. Criminal law ⚖⇒419, 420(7)—That conversations with defendant were in Spanish did not require testimony to be stricken as through interpreter.

Refusing to strike out all testimony concerning conversations with defendant, charged with murder as had through interpreter because conversations were in Spanish, held not error.

15. Criminal law ⚖⇒1169(3)—Testimony that officers took defendant, charged with murder, to his grandmother, that he asked her for pistol, insisting she knew where it was, held harmless after his testimony thereon.

In prosecution for murder, testimony that officers took defendant to his grandmother's house after his arrest to get the pistol, that he asked her for it and she said it was not there, that he insisted that she knew where it was, held harmless, in view of testimony introduced by defendant that he had a 38-caliber pistol and that his grandmother told him that she had taken it out of his trunk, and in view of infliction of lowest penalty.

16. Homicide ⚖⇒250—Conviction of murder held sustained by evidence.

Evidence held to sustain conviction for murder.

Appeal from Criminal District Court, Cameron County; A. W. Cunningham, Judge.

Simon Leal was convicted of murder, and he appeals. Affirmed.

H. L. Yates, of Brownsville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in criminal district court of Cameron county of murder; punishment, five years in the penitentiary.

[1] We find it difficult to appraise many of appellant's complaints as set out in his brief because based on and referring to assignments of error which do not even refer us to bills of exception supporting same, which,

in any event, would compel us to try to find out, by an examination of said so-called assignments of error, what parts of the record same referred to. It is to be regretted that our oft-repeated statement that, on appeals to this court, we consider only the bills of exception in matters of procedure should be overlooked. Linder v. State, 94 Tex. Cr. R. 317, 250 S. W. 703; Whitfield v. State, 104 Tex. Cr. R. 232, 283 S. W. 857. We have examined all of appellant's bills of exception appearing in the record.

[2-6] Bills Nos. 1 and 2 complain of a question and answer. The answer is omitted in each instance. Nugent v. State, 101 Tex. Cr. R. 86, 273 S. W. 598. Bill No. 3 sets out a question and answer without a particle of showing as to the surroundings or antecedent facts. We are entirely without information therefrom by which we might determine the complaint. Bill No. 4 sets up that a *witness* had been advised of certain matters, and the objection made thereto, as same appears in the bill, is to a statement that the *defendant* had been advised of a certain matter. The objection does not correspond with the statement and presents no error. Bill No. 5 apprises us that the witness Faulk had written out the confession of appellant, had read it to him, and had caused appellant to read it so as to make sure he understood it. We think complaint of this procedure in no way supports the proposition that this shows that the confession was not voluntary. An objection to the introduction of a written confession upon the ground that same is not dated, containing nothing within itself showing when it was made, presents nothing for review. We know of no reason why the state might not show otherwise than in the written confession when same was taken.

[7, 8] Bill No. 7 complains because a witness was not permitted to state his understanding of a matter about which he could evidently have no knowledge except that obtained by hearsay. The objection was properly sustained. Bill No. 8 sets out the various objections made to the admission of appellant's confession, but wholly fails to set out any facts supporting any one of the objections thus made.

[9-11] Bill No. 9 complains of the fact that appellant was asked, while a witness on the stand herein, in reference to an apparent contradiction in one instance between two confessions made by him, both of which were in evidence, one put before the jury by the state and the other by the accused. We see no violation of any rule in the asking of such question. After appellant left the witness stand, he was recalled by the state and asked in reference to that part of his second confession which was at variance with his first, and in that connection was asked if he had not made the statement that his reason for

changing that part of the confession was because he did not want to involve his family in trouble. We perceive no legitimate objection to such procedure. Two bills complain of the statements by witness Faulk that, on the morning he first saw appellant, he had the appearance of having just been awakened. The statement appears to be a shorthand rendering of the facts and would appear to be more objectionable to the weight than to the admissibility of the testimony.

[12, 13] Appellant's objection, as appears in bill No. 13, was to a lengthy statement of the witness Faulk. The statement covers practically a page. Much of the statement set out was clearly admissible, and some was of doubtful propriety if it be given the construction placed upon it by appellant. Since the objection was made in solido, we are of opinion no error appears in the overruling of same. Payton v. State, 35 Tex. Cr. R. 508, 34 S. W. 615; Vaughn v. State (Tex. Cr. App.) 280 S. W. 772; Bing v. State (Tex. Cr. App.) 280 S. W. 827. Appellant had injected into the case the issue that he did not voluntarily make the alleged confessions. He claimed that, when he signed same, he had been kept from sleep until he was in such condition of mind as that he could not make a voluntary confession. Evidence as to the appearance, acts, and conduct of appellant at the time each of said confessions was made and between the time of taking same, which shed light on the issue thus raised, became admissible. What we have just said applies to bills of exceptions Nos. 13, 14, 15, 16, and 19.

[14] In bill of exceptions No. 17 appellant sets out that Mr. Faulk was asked by appellant's counsel if his conversation with appellant was not in Spanish, and that, upon receiving an affirmative answer, appellant moved that all testimony whatever of such conversations be stricken out because same were had through an interpreter. We see no merit in such motion.

[15] The record shows that appellant introduced testimony showing that he had a 38-caliber pistol, and that his grandmother told him she had taken it out of his trunk. This being true, we think the testimony complained of in bill of exceptions No. 18, which was, in effect, that the officers took appellant to his grandmother's house after his arrest to get the pistol he had left with her, and that he asked her for this pistol and she said it was not there, and that he insisted that she knew where it was because he put it in his trunk, and, if same not there, she had hid it, would appear entirely harmless as affecting any issue in this case. Appellant was given the lowest penalty for the offense charged.

[16] There is a bill of exceptions complaining of the sufficiency of the testimony.

We are unable to agree that the testimony is not enough to support the judgment. Appellant, deceased, and others were shown to have been engaged in a gambling game. Deceased had a large sum of money. After the game broke up and deceased had left the place, it was shown that appellant came to him and told him that another Mexican, shown by this record to be charged with this offense, wanted to see him (deceased) back about the place where the game had been in progress. Appellant left, going back in that direction. Deceased also presently followed and was not again seen alive. His body was found dead from gunshot wounds. Appellant made a confession, admitting that he and the other Mexican above referred to killed deceased by shooting him with a pistol, and that they took his money and divided it.

Finding no error in the record, the judgment will be affirmed.