JAMES L. WEEKS V. STATE

No. 27,371. January 26, 1955.
Rehearing Denied (Without Written Opinion)
March 9, 1955.

*John M. Pennington* and *Vincent J. Licata,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary; the punishment assessed being four years' confinement in the state penitentiary.

According to the state's evidence, a building occupied by the Ship Ahoy restaurant, located in the city of Houston, was broken into and entered through a back door on the night of August 30, 1953.

The state's witness, Grady Love, who was a night watchman at the restaurant, testified that after the place had closed and all outside doors locked and while he was upstairs in the building, he heard a noise which sounded like carpenters doing some work; that he then saw two men upstairs prizing on the office door with a bar; that after he hollered one of the men ran; that the other man stood in the hall for a short time with a crowbar in his hand and then ran down the stairway towards the back door.

The witness identified appellant as being the same man whom he had seen in the building with the crowbar in his hand.

The state's testimony further shows that the back door of the building, which was locked from the inside, was prized loose from its regular position and torn open from the outside so that a person could go through it.

Appellant, as a witness in his own behalf, testified that he was not guilty; that he did not attempt to burglarize the place known as the Ship Ahoy and that he was at two other places on the night in question.

Appellant in his brief alleges as grounds for a reversal the refusal of the trial court, on three instances during the introduction of the testimony, to retire the jury at the appellant's request in order to perfect his bills of exception. Such exceptions to the court's action are presented by Informal Bills of Exception Nos. 1, 2 and 4, indexed in the statement of facts.

An examination of the statement of facts shows that on three instances during the cross-examination of the state's witness, Grady Love, after the court had sustained the state's objections to questions propounded by appellant's counsel, the court refused to retire the jury at appellant's request for the purpose of permitting him to perfect the bills of exception.

It is further shown in the statement of facts that at the conclusion of the testimony, after both sides had rested, in the absence of the jury, the court recalled the witness Love to the stand and tendered him to appellant's counsel for the purpose of perfecting his bills and that when the witness was tendered appellant's counsel stated to the court that he did not recall which bill it was and that he would stand on the record.

Appellant insists that Section 2 (a) of Article 759a, C.C.P., which in part reads: "where the defendant offers testimony which is rejected by the court, the judge, if requested by defense counsel, shall immediately retire the jury and hear such testimony to allow the defendant to perfect his bills of exception," is mandatory and the court committed reversible error in refusing to retire the jury in each instance upon appellant's request.

We conclude that the court did not commit reversible error in refusing to retire the jury, upon appellant's request while the witness was testifying, in view of the court's action in later tendering the witness to appellant at the conclusion of the testimony for the purpose of perfecting his bills in the absence of the jury. The record does not show that appellant was denied the right to perfect his bills of exception, and shows he was afforded full opportunity to do so, therefore, no injury is shown.

The judgment is affirmed.

Opinion approved by the Court.