SPENCER RUSHING, JR. V. STATE

No. 33,875.   November 29, 1961
Motion for Rehearing Overruled January 10, 1962

C. C. Divine, Houston, for appellant.

Frank Briscoe, District Attorney, Carl E. F. Dally, Edward N. Shaw, Jr., Assistant District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery; the punishment, 15 years.

While testifying at the trial, the manager and two other drug store employees each identified the appellant as the person who entered the store about 11:55 P.M., exhibited a pistol, and demanded money. The manager testified that she gave him the money which she was counting because she was afraid that he would kill her. She stated that as he grabbed the money, she stooped behind the counter, and he shot where she had been standing. When she raised up, he shot again, and then fired a third shot as he was fleeing the store.

Two witnesses testified that they were sitting on the porch of a nearby residence when they heard three shots, and that immediately thereafter a man ran from the drug store and passed by them whom they identified as the appellant. One of the witnesses stated that she had seen the appellant pass by her home several times in a car, later park it, and that he ran to the same car and fled in it after she heard the shots.

The owner of the drug store testified that when he was getting in his car to leave the store about 10 P.M., he saw the appellant parked in his car not more than eight feet away.

Testifying in his own behalf, the appellant denied committing the robbery and named and described another and different place where he said he was during the time of the robbery. He offered several witnesses whose testimony corroborated his alibi.

The court, in its charge, submitted the appellant's defense of alibi to the jury, and they found against him.

The evidence is sufficient to sustain the conviction.

There are no formal bills of exception.

Appellant insists that the trial court erred in refusing to grant his motion for a continuance on the grounds of the illness and temporarily impaired hearing of his attorney.

There is no authentication by the trial judge in the record that the motion was presented to and acted on by him. Therefore, nothing is presented for review. Art. 760e V.A.C.C.P.; Bullard v. State, 331 S.W. 2d 222. Also, no affidavits of the illness or disability of the attorney were attached to the motion for continuance. The record shows that the attorney appeared and participated at the trial. The refusal to grant the motion was not error.

In his brief, appellant contends that the court's charge to the jury placed a lesser burden of proof on the state than the law requires.

No objections to the charge or requested instructions appear in the record. An examination of the charge shows that the court required the jury to find beyond a reasonable doubt all of the essential elements of the offense charged before they could find the appellant guilty, and then the court applied the law of reasonable doubt thereto. No error appears.

The appellant contends that the trial court erred in refusing his request to perfect his bill of exception in the absence of the jury at the time of the court's exclusion of proffered evidence.

Thereafter, and before the evidence closed, the court offered the appellant an opportunity to perfect his bill of exception in the absence of the jury, which he declined. In this, no reversible error is presented. Davidson v. State, 162 Tex. Cr. Rep. 641, 288 S.W. 2d 93; Pate v. State, 345 S.W. 2d 532.

Error is urged on the ground that the trial court refused appellant's request to direct the issuance of process for members of the jury in order for him to develop evidence showing jury misconduct on the hearing of his amended motion for a new trial.

The sole allegations pertaining to jury misconduct in the amended motion for new trial were: "That the jury, after having retired to deliberate, was guilty of misconduct of such a degree as not to allow the defendant a fair and impartial trial." No specific averments of facts of jury misconduct were made. In the motion, he made no request for the issuance of summons for the jury. No affidavit of any kind was referred to or attached to said motion, nor was it stated therein that he had exercised diligence to obtain such affidavit, but was unable to do so.

The refusal to cause process to be issued for the appearance of the members of the jury does not show error. Fulcher v. State, 163 Tex. Cr. Rep. 177, 289 S.W. 2d 588.

The judgment is affirmed.

Opinion approved by the Court.