**Farrell M. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 911.**

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 19, 1974.

**950**

Gary T. Giles, Edmond J. Ford, Jr., Corpus Christi, for appellant.

Davis Grant, Gen. Counsel, State Bar of Texas, Austin, for appellee.

## OPINION

PER CURIAM.

Farrell M. Smith has filed a motion in this Court to dismiss the appeal of the State of Texas for want of jurisdiction. Heretofore, the State of Texas filed suit against Smith seeking his disbarment from the practice of law in Texas. Following a jury trial, judgment was rendered by the trial court on April 8, 1974, whereby Smith was reprimanded and ordered suspended from the practice of law from January 28, 1972 to September 1, 1974.

Both Smith and the State excepted to the judgment, and both filed motions for new trial which, although premature, will be considered as having been filed on the same day that judgment was rendered, but after the judgment was rendered. Rule 306c, Texas Rules of Civil Procedure. Smith then filed an amended motion for new trial on April 29, 1974. The State did not amend its motion. Thereafter the trial judge, by a single order, which was signed and entered on June 10, 1974, overruled both motions, to which ruling Smith and the State each excepted, and gave notice of appeal. The requirements as to appeal bonds were timely met by both parties.

Smith, on June 10, 1974, requested a transcript of the district clerk. Subsequently, the State requested that the clerk include four (4) documents "in the transcript in this cause for use in the appeal in addition to the items previously requested by the defendant, Farrell M. Smith". A transcript was filed with the clerk of this Court on August 4, 1974, which contained all of the documents requested by Smith as well as those requested by the State.

Rule 329b, Subsection 3, T.R.C.P., provides, in part:

"All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed. . . ."

Therefore, the State's motion for new trial was overruled by operation of law on May 23, 1974. The time for the filing of the record by the State in this Court commenced running on May 23, 1974, and since the State did not file a motion in this Court for an extension of time within which to file the record as provided by Rule 386, T.R.C.P., the transcript for the State was due to be filed on July 22, 1974, the 60th day after its motion for new trial was overruled by operation of law.

■ The fact that the trial court overruled the State's motion for new trial by a written order made on June 10, 1974, did not, under the record before us, postpone the commencement of the running of the 60-day period within which to file the record in this Court. On that date, June 10, 1974, the State's motion had already been overruled. That portion of the order was a nullity. Nickel v. Anderson, 399 S. W.2d 220 (Tex.Civ.App., Corpus Christi 1966, no writ); Texas Van Lines, Inc. v. Templeton, 305 S.W.2d 646 (Tex.Civ.App., Dallas 1957, writ ref'd n. r. e.); Burkham v. Ward, 336 S.W.2d 452 (Tex.Civ.App., Texarkana 1960, no writ).

■ The timely filing of the transcript in accordance with Rule 386, T.R.C. P. is mandatory and jurisdictional. Each appellant must base his appeal upon his own actions, and not those of another party. Angelina County v. McFarland, 374 S.W.2d 417 (Tex.Sup.1964). The State's attempted appeal is separate, distinct and different from the appeal which was perfected by Smith. Thus, although the transcript filed by Smith contained the items designated by the State to be included therein, the transcript itself, which was tendered to and filed by the clerk of this Court 76 days after the State's motion for new trial was overruled by operation of law, while timely filed as to Smith's appeal, was filed too late to give this Court jurisdiction of the State's appeal. We only have jurisdiction to dismiss the same.

Smith's motion is granted and the State's appeal is dismissed.