Cleveland BURDEN, Appellant,

v.

The STATE of Texas, State.

No. 2–81–140–CR.

Court of Appeals of Texas, Fort Worth.

May 12, 1982.

Rehearing Denied June 23, 1982.

Clyde M. Marshall, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty. and M. Eugene Grant, Jr., Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and BROWN, JJ.

## OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a conviction of indecency with a child. Following a jury verdict of guilty, appellant, Cleveland Burden, was assessed punishment by the court at five years confinement in the Texas Department of Corrections.

We affirm.

By his first seven grounds of error, appellant asserts that it was error for the court to allow evidence to be introduced of his arrest for investigation of rape some 20 years prior to the offense for which he was tried and convicted. He asserts that this led to further errors in the trial court's rulings on this matter and jury argument by the State's prosecutor.

We disagree.

The following transpired during the direct examination of appellant by his counsel:

Q. And is that the first time you had ever been accused by anyone of doing anything of the nature charged here with (complainant).

A. Yes, sir.

On cross-examination by the State, the following transpired:

Q. Mr. Burden, you told Mr. Marshall you had never been arrested for a crime of this type. Isn't it a fact that you were arrested for rape in Virginia, your home?

A. Yes sir. And I informed Mr. Marshall of that.

Objection was made as follows:

MR. MARSHALL: Well, I object to Mr. Conner's statement of what I asked him. I asked him if he had ever been accused or charged of any crime, not if he had ever been arrested.

Ordinarily, the arrest record of a defendant in a criminal prosecution is inadmissible. An exception exists, however, as stated in *Nelson v. State*, 503 S.W.2d 543, 545 (Tex.Cr.App.1974):

The exception arises when the witness, by his *direct testimony*, leaves a false impression of his 'trouble' with the police. In that situation, it is legitimate to prove that the witness had been 'in trouble' on occasions other than those about which he offered direct testimony.

See also, *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App.1980); *Carter v. State*, 550

S.W.2d 282 (Tex.Cr.App.1977); and *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976). Appellant opened the door to the testimony elicited from him on cross-examination. Remoteness of the arrest does not appear to be pertinent in such circumstances. Grounds of error one through seven are overruled.

Grounds of error eight, nine and ten concern the alleged error of the trial court in refusing to admit testimony of one Belinda Cook concerning her several conversations with the victim's mother within a few hours after the time the offense had been committed. He asserts that the mother's testimony, i.e., failure to make any complaint or outcry, was admissible in rebuttal of the testimony of the victim and her aunt, whose testimony corroborated the testimony of the victim. We disagree.

■ Outcry or complaint is required of the victim and not of a person to whom the victim may have complained. V.A.C.C.P. art. 38.07. Moreover, a clear reading of the record on appeal convinces us that the mother's failure to accuse the appellant of the offense against her daughter was brought out in the testimony elicited in trial, if not directly certainly indirectly, and from logical and reasonable deductions to be drawn therefrom. Appellant cannot be heard to complain of harm under these circumstances. *Gonzalez v. State*, 571 S.W.2d 11 (Tex.Cr.App.1978). Grounds of error eight, nine and ten are overruled.

Appellant's ground of error eleven asserts that the trial court erred in overruling his objection to the State's opening argument to the jury that the timely arrival of the victim's aunt, Ms. Webster, prevented a more serious offense than "we" would otherwise be trying now. Specifically, the ground of error asserts that an extraneous offense was alluded to. We disagree.

The victim testified that after appellant laid her down on the bathroom floor of the home in which she lived and spread vaseline on her vagina, he unzipped his pants, pulled out his penis, which had something like a rubber glove on it, and started to get on top of her. At that moment, the doorbell rang

and appellant left the bathroom. The victim's aunt, Ms. Webster, entered the victim's home using a key she had and observed appellant fastening up his clothes.

During argument the State's attorney said to the jury: "But I think what you have heard shows that a much more serious offense was interrupted at the time by Mrs. Webster. And thank God that she picked out that time to go into that house, or otherwise we might be here trying something else."

■ It is clear that the State's attorney was arguing a logical inference from the evidence. The testimony of the victim indicates that appellant was in the course of raping her when the doorbell rang and her aunt arrived. In this context, the State's argument was proper. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979); *Antwine v. State*, 572 S.W.2d 541 (Tex.Cr.App.1978).

Ground of error eleven is overruled.

By ground of error twelve, appellant contends that the trial court erred in sustaining the State's objection to the argument of his counsel before the jury that the victim was practicing on her flute when her aunt entered her home. This ground of error asserts that such argument was relevant to the credibility of the victim and that the court's action in sustaining objection was tantamount to an improper comment by the court approving the credibility of the victim and the weight to be given her testimony. We disagree.

■ Neither the victim nor her aunt, Ms. Webster, testified that the victim was practicing the flute when the aunt entered the victim's home. Argument that she was constituted a misstatement of the record and was not permissible. *Irving v. State*, 573 S.W.2d 5 (Tex.Cr.App.1978). Ground of error twelve is overruled.

Appellant contends in ground of error thirteen that the trial court erred in telling the jury, when having testimony of the aunt, Ms. Webster, read in response to a jury note, that he was giving them "the number of times the aunt rang the door-

bell" and "the number of times she telephoned", because the number of rings each time was disputed on this record, and this was an improper comment by the court approving the credibility of the aunt as a witness and the weight to be accorded her testimony.

During deliberation, the jury sent to the trial judge a note requesting a copy of the transcript and a floor plan of the house. On that note the court replied that no floor plan was in evidence. The court then instructed the jury that the law provides, if the jury disagrees as to the statement of any witness, it may have read to it that part of such witness' testimony which is in dispute and that if they were in disagreement as to any witness' testimony, to designate the particular witness and that portion of his testimony about which there was disagreement. The jury returned a note requesting the court to have read the testimony relating to the number of times the aunt rang the doorbell before entering the victim's home and the number of times the aunt telephoned the house before going there. Subsequently, the jury was returned to open court and the requested testimony was read. Appellant did not object to this procedure.

 The requested testimony should be limited and confined only to the narrow point in dispute. *Pugh v. State*, 376 S.W.2d 760 (Tex.Cr.App.1964). This was done. Ground of error thirteen is overruled.

Grounds of error fourteen and fifteen go to the State's closing argument. In closing argument, the State's attorney alluded to the contents of hospital records and a police report.

 Appellant's closing argument attacked the State's case for failing to have hospital personnel testify as to an examination of the victim. There had been testimony by the victim's aunt that she had taken the victim to a hospital. The State, in reply to appellant's argument, stated what a rape examination would encompass. The case, sub judice, involves indecency with a child—not rape. The argument the State

made was invited by the appellant, and while it may have strayed outside the record, this is not grounds for reversal on appeal. *Jones v. State*, 582 S.W.2d 129 (Tex.Cr.App.1979).

 The State's reference to a police report was not proper. Objection was made to this part of the State's closing argument and sustained. The court then instructed the jury not to consider the remark for any purpose. Ordinarily, an instruction of this nature is sufficient to cure error. *Johnson v. State*, 583 S.W.2d 399 (Tex.Cr.App.1979); *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App. 1979). It was sufficient in this case. Grounds of error fourteen and fifteen are overruled.

By his two grounds of error, numbered sixteen and seventeen, appellant contends that the trial court erred in permitting the minor victim to testify because her testimony was so confused and full of discrepancies as to be clearly unreliable and further erred in refusing a requested jury charge that the jury have a right to consider whether the witness, in view of her age and other circumstances, was a competent witness. We disagree.

 A hearing was held by the trial court as contemplated by V.A.C.C.P. art. 38.06, following which the trial court ruled that the victim was competent to testify. This determination is within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion is shown. *Fields v. State*, 500 S.W.2d 500 (Tex.Cr.App.1973). A review of the record on appeal, which is proper when the issue of competency is raised, indicates to this court that there was no abuse of discretion.

 Finally, there was no error in refusing to charge the jury on the competency of the victim. The competency of a witness to testify is a question of law to be decided by the trial court. *Smith v. State*, 490 S.W.2d 902 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n. r. e.), *motion for rehearing denied* 500 S.W.2d 682, opinions on appeal after remand 513 S.W.2d 949 and

523 S.W.2d 1 (writ ref'd n. r. e.). A charge to the jury on competency of a witness is not required. Grounds of error sixteen and seventeen are overruled.

■ By ground of error eighteen, appellant asserts that the trial court erred in refusing to admit into evidence, at the punishment phase of the trial, a polygraph report indicating that appellant was truthful when he denied the charge against him. There is no merit in this ground of error. A polygraph test is not admissible for any purpose. *King v. State*, 511 S.W.2d 32 (Tex.Cr.App.1974).

Finally, by his ground of error nineteen, appellant contends that the trial court erred in refusing to consider appellant's application for probation prior to the appeal of the case and in deferring consideration of the application until after the right of appeal had been exhausted.

On this ground of error, appellant asserts that the trial court loses jurisdiction of the case on sentence and appeal, so that after determination of the appeal, if the sentence is affirmed, the trial court has no right to grant probation. He further contends that the trial court "chilled" the right of appellant to appeal his conviction. We disagree with these contentions.

■ Sentence was imposed prior to the time inquiry was made as to whether appellant wished to appeal. Thus, there was no attempt by the trial court to curtail the right of appeal.

■ Jurisdiction of the trial court continues for 180 days from the date the execution of sentence begins. V.A.C.C.P. art. 42.12, § 3e (Supp.1982). After the expiration of sixty days from execution of sentence, the trial court may on its own motion or on motion of the defendant, suspend further execution of sentence and place the defendant on probation. Grounds of error eighteen and nineteen are overruled.

The judgment of the trial court is affirmed.