## BOB LEFTWICH V. THE STATE.

### *No. 617.   Decided May 18.*

**Murder—Fact Case—Instructions—Circumstantial· Evidence.**—See facts stated in the opinion, upon which it is *Held*, that the court erred in refusing to give requested instructions upon the law of circumstantial evidence; and that a charge upon circumstantial evidence should have been given, whether requested or not.

APPEAL from the District Court of Montague.    Tried below before Hon. D. E. BARRETT.

This appeal is from a conviction for murder of the second degree, the punishment assessed being twenty years' imprisonment in the penitentiary.

No briefs have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant, having been convicted of murder in the second degree, and given twenty years in the penitentiary, prosecutes this appeal.    The indictment contains two counts.    The first count charges the killing by shooting with a pistol; the second, by striking with a piece of iron.

Hillia Wilkerson, for the State, testified, that hearing a noise in one of the rooms of the hotel, she approached it, and saw defendant strike deceased on the head with a piece of iron; that she then returned to her room; that in about fifteen or twenty minutes thereafter she heard a pistol shot, which she thought was in the same room where she had witnessed the blow; that she heard nothing further that night; that there were several other parties in the room with defendant and deceased at the time the blow was given.    None of these parties were placed on the stand to testify during the trial.    The body of the deceased was found a week later, about three-quarters of a mile distant from the hotel, in an out of the way place, with a bullet hole in the back of his head.    There was evidence that a pistol shot was heard at or near the place where the body was found about the same time that Hillia Wilkerson swears to the shot she heard in the hotel.    The deceased was shot but once.    The evidence of the experts makes it clear that death did not result from the blow, but alone from the shot. It was testified that the blow could or might have produced or brought about death in a few days, depending upon probable attendant and resultant effects of such blow.    Concede that the blow could have produced death in a few days, yet that time did not elapse, for the evidence shows that the shot took effect while deceased was living, and that it produced instant death.    This is placed beyond doubt.    Then it is evident the blow could not and did not, under the facts developed, bring about the deceased's death.    No witness saw the pistol fired, and

it is left to be ascertained from inference or conclusion from the circumstances and facts developed on the trial who did the shooting. This being the case, the conviction was wholly dependent for its support upon circumstantial evidence. This was not done, although a charge upon this phase of the law was prepared and requested by appellant to be given to the jury. The charge should have been given, whether requested or not.

On the case before us, it is almost absolutely certain the jury could have adopted no other theory than that deceased came to his death by being shot; for the evidence, with almost equal certainty, excludes the idea that death was the result of the blow. If the blow was struck fifteen or twenty minutes before the shot took effect, under the evidence, it did not produce death; and if inflicted after the deceased was shot it could not have done so, because the shot produced instant death. This leaves the conviction predicable only upon the first count, and therefore wholly dependent upon circumstantial evidence. Puryear v. The State, 28 Texas Crim. App., 73.

The remaining question—the sufficiency of the evidence to support the conviction—is not discussed, in view of the fact that another trial may be had in the court below.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.