### O. S. ALLEN v. THE STATE.

. *No. 1329. Decided October 14th, 1896.*

| | |
|---|---|
| 36 | 381 |
| 37 | 218 |
| 37 | 244 |
| 39 | 439 |

**1. Assault With Intent to Commit Rape Upon a Child—What Constitutes.**

.On a trial for assault with intent to commit rape, the offense is established where it appears that defendant, who was an adult male intending to have carnal intercourse with a female of tender years, went so far as to attempt to force an entry with his male organ into her female organ, whether with or without her consent. Where the entry is not actually effected, but there is an endeavor to penetrate by the use of force, this is sufficient to constitute the act an assault with intent to rape.

**2. Same—Circumstantial Testimony—Charge.**

On a trial for assault with intent to rape, where the evidence established irritation and soreness of the parts of the child, and the further fact that a venereal disease had been communicated to her. Held: Sufficient to show at least an effort to penetrate her privates with a male organ and are of a character to place defendant in such close proximity and juxtaposition to the main fact as to render a charge on circumstantial evidence unnecessary.

**3. Same—Evidence as to Defendant's Having a Venereal Disease.**

On a trial for assault with intent to rape, where it appeared that the prosecutrix, a child of tender years, was affected with a venereal disease, it was not error for the

court to refuse to exclude the testimony of physicians to the fact that defendant was afflicted with gonorrhea a few days before the alleged offense.

APPEAL from the District Court of Cooke. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for assault with intent to rape; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

[No brief for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was tried on an indictment charging him with assault with intent to rape, was convicted, and his punishment assessed at five years in the penitentiary, and he prosecutes this appeal. The indictment charges that the prosecutrix was under 15 years of age, and the proof also established that fact. The testimony with regard to the assault on the prosecutrix was as follows: The mother of the prosecutrix testified: That her daughter was 7 years old. That she was keeping a section house on the Gulf, Colorado & Santa Fe Railroad. That defendant, Allen, was at work on the section, and had boarded at her house for several months. That, on the occasion for which the defendant was indicted, she saw the defendant and the prosecutrix in the man's room by themselves. He had the child across his lap, and his legs were between hers, and her person was exposed. His male organ was out. That she saw them through a crack in the wall; had become suspicious, and was looking for something of that kind. That she had the child examined by physicians, and the physicians testified th: ' they found the parts irritated, but not lacerated, and that a discharge was emitted from her parts. They testified that, in their opinion, she had a case of gonorrhea. The mother also stated that she examined the child immediately after she saw the conduct of the parties in the room, and found a discharge on her clothes; and that the child said that the defendant hurt her. The prosecutrix testified that she was 6 years old; that the defendant, on the occasion charged, took her on his lap, pulled up her clothes, unbuttoned his pants, and that he hurt her; that he told her, if she hallooed, he would not get her any wax dolls or any more candy; that he had hurt her before, and had pulled up her clothes many times; that, when her mother saw her, she called her; and that the defendant turned her loose, and told her to go to her ma. The testimony of the physicians indicates that there was no actual penetration of the child's private parts, and, if any penetration at all, it was simply between the labia of the pudendum. The principal question in the case is. Was this an assault with intent to commit a rape—that is, did the defendant at the time have the ulterior purpose of committing a rape, that is, of penetrating the female organ with his male member? If he had this purpose, it would be rape, whether the prosecutrix was consent-

ing or not, she being under the age of consent. On the other hand, if the defendant had merely the intent to fondle the child, and even to place his male member in juxtaposition with her female organ without an entry, it would not have been rape. The slightest entry, however, even an entry between the labia of the pudendum, would constitute a rape; and any attempt to make such entry with the ulterior purpose to force his male organ into the female organ of the child would constitute the act an assault with intent to commit a rape. These phases of the case, we think, were sufficiently presented in the charge of the court to the jury; and they determined that, at least, there was an effort made by the defendant to force his male organ into the private parts of the prosecutrix. This itself would constitute an assault with intent to commit a rape, whether the prosecutrix consented or not. See, Moore v. State, 20 Tex. Crim. App., 275. In that case, which was an assault with intent to commit rape, it was stated: "Where the injured female is under the age of ten years, it is neither necessary to allege in the indictment, nor to prove on the trial, that the offense was committed with, or without consent, and with or without the use of force, threats, or fraud, because carnal connection with a female of such tender years is per se rape, under any and all circumstances, whether with her consent or not." In such a case, in our opinion, where an attempt is made by an adult male to have carnal knowledge of a child of tender years, although she consent, the force used in the effort at penetration, without other force, is sufficient to constitute the act an assault with intent to commit a rape. If the entry is effected, the act would unquestionably be rape. Where the entry is not actually effected, but there is an endeavor to penetrate by the use of force, this is sufficient to constitute the act an assault with intent to rape. In this case, we think the evidence establishes beyond a reasonable doubt, if the defendant in fact did not penetrate the private parts of the prosecutrix with his male organ, that he made the effort to do so. This is evidenced by the irritation and soreness of the parts of the child, testified to by the mother and the physicians, and also by the fact that defendant communicated to her a venereal disease. Appellant asked a charge on circumstantial evidence, which the court refused to give, and he now assigns this as error. We think the evidence in this case is of a positive character. At least, the facts and circumstances of the case are of such a character as to place the defendant in such close proximity and juxtaposition to the main fact as to render a charge on circumstantial evidence unnecessary. See, Baldwin v. State, 31 Tex. Crim. Rep., 589; Montgomery v. State (Tex. Crim. App.) 20 S. W. Rep., 926. Nor do we see any error in the court holding that the witness Mary Bannon, the prosecutrix, was a competent witness. It occurs to us that her answers to questions propounded to her, testing her competency, were answered with a degree of intelligence that indicated that she understood the obligation of her oath. In our opinion, the court did not err in refusing to exclude the evidence of Drs. Bell and Wells, to the fact that the de-

fendant was afflicted with gonorrhea a few days before he is alleged to have assaulted the prosecutrix. We find no errors in the record in this case, and the judgment is affirmed.

*Affirmed.*