### WALKER SMITH v. THE STATE.

No. 4170. Decided October 11, 1916.

**1.—Rape—Continuance.**

Where the judgment is reversed and the cause remanded, the overruling of an application for a continuance need not be discussed.

**2.—Same—Evidence—Res Gestae—Outcry of Prosecutrix.**

Where, upon trial of rape, the court admitted in evidence the testimony of the aunt of the prosecutrix to the effect that the latter came running over to her house, and was just about to cry, and then said that defendant had come over to her house, thrown her down on the bed and gotten on top of her, to all of which defendant objected on the ground that in rape cases, such res gestae testimony was not admissible; held, that, if the facts and circumstances bring

said testimony within the rule governing res gestae statements, the same is admissible; but a like statement made by the prosecutrix to her mother some time after the occurrence, after other matters had intervened, would not be admissible.

**3.—Same—Evidence—Complaint of Prosecutrix.**

Upon trial of rape, while a detailed report of the transaction made by prosecutrix to her mother some time after the occurrence, would not be admissible, yet said mother could testify that prosecutrix came to her and made complaint, and that she, acting on said complaint, examined the clothes of prosecutrix, etc., and sent for a physician, but said mother could not be permitted to testify what the prosecutrix told her or that she complained of the defendant. Following, Pefferling v. State, 40 Texas, 492.

**4.—Same—Evidence—Marriage—Immaterial Testimony.**

Upon trial of rape, there was no error in permitting the State to show that defendant was married to another and different woman, but the question as to whether defendant had treated his wife rightfully or wrongfully, was not an issue in the case.

**5.—Same—Evidence—Moral Turpitude.**

Upon trial of rape, testimony that defendant had been sent to the penitentiary some sixteen years prior to the time of this trial, when he was only sixteen years old, should not have been admitted in evidence.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*King & Seale,* for appellant.—On question of declaration of prosecutrix: Reddick v. State, 35 Texas Crim. Rep., 463; Lawson v. State, 17 Texas Crim. App., 303; Johnson v. State, 21 id., 379; McGee v. State, 21 id., 671, and cases cited in opinion.

On question of proving fact that defendant was a married man: Stripling v. State, 47 Texas Crim. Rep., 118; Smith v. State, 44 id., 137; Jenkins v. State, 60 id., 241.

On question of moral turpitude: Bowers v. State, 71 S. W. Rep., 284; Burlington v. State, 180 id., 679; Leach v. State, 180 id., 122; Vick v. State, 159 id., 50; Oates v. State, 67 Texas Crim. Rep., 488.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of moral turpitude: Leach v. State, 180 S. W. Rep., 122.

HARPER, JUDGE.—Appellant was convicted of rape and his punishment assessed at ten years confinement in the State penitentiary.

Appellant asks for a reversal of the case on account of the court refusing to continue the case on account of the absence of the witness John Pleasants. As qualified by the court we would not feel authorized to reverse the case on that ground, but as the case will be reversed on other grounds this ground need not be discussed.

Golly Booker, a negro girl under fifteen years of age, testified to appellant picking her up, laying her on the bed and having an act of intercourse with her without her consent. She further testified to telling her aunt, Fannie Durst, about what had occurred, and the court permitted Fannie Durst to testify, over appellant's objection: "Golly came running over to my house and was just about to cry; she said: 'Aunt Fannie, Mr. Walker come over to our house and throwed me down on the bed and got on top of me.'" Appellant insists that even if this was said under circumstances rendering it res gestae of the transaction, the testimony was inadmissible, he contending that in rape cases such res gestae testimony is not admissible. In this contention we do not agree with appellant. Res gestae is the event speaking, and if the facts and circumstances are such on another trial as to bring this within the rule governing res gestae statements, the court will admit the testimony of the witness Fannie Durst. However, appellant is correct in his contention that the testimony of the mother is inadmissible. Mallie Green, the mother, was away from home, cooking. The girl had seen her aunt and had finished cooking dinner before going to her mother. The statement to the mother would not be the event speaking, but a detailed report of what occurred some time before. Her mother could say that she came to her and made complaint, and she, acting on the complaint, sent Dr. Deal to see the girl. And she would also be permitted to testify that she examined her clothes and found blood on them. But she should not be permitted to testify what the girl told her, nor that she complained of Walker Smith, appellant. Judge Moore, in Pefferling v. State, 40 Texas, 492, stated the rule that has always prevailed in our Supreme Court and in this court in criminal cases:

"It has, therefore, been universally held that recent complaint by the person injured, her state and appearance, marks of violence, and the condition of her dress, shortly after the alleged occurrence, may be proved as original evidence. . . .

"It is, we think, well established, by reason as well as the great weight of authority, that proof of the particulars of the complaint, and the detailed statement of the alleged facts and circumstances connected with it, as was permitted in this case in the court below, can not be admitted as original evidence to prove the truth of the statements testified to by the injured party, or to establish the charge made against the prisoner."

There would have been no error in permitting the State to prove that appellant was married to another and different woman, as it was necessary to be shown that he was not married to the prosecuting witness. But the court should not have permitted the State to prove that appellant's wife had been sent to the penitentiary, and that appellant had lived with his wife only three days after she had been released from the penitentiary. Whether he had treated his wife rightfully or wrongfully was not an issue in this case.

The State should not have been permitted to prove that appellant had been sent to the penitentiary some sixteen years prior to the time of this trial, as he remained in the penitentiary less than two years and had been discharged from the penitentiary some fourteen years prior to this trial. When it was ascertained that his conviction took place some sixteen years ago, when he was only a sixteen-year-old boy, appellant's motion to exclude the testimony should have been sustained.

There are other matters complained of, but they will not likely arise on another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*