## AKERS v. STATE.
### No. 12487.

Court of Criminal Appeals of Texas.
June 12, 1929.

Rehearing Denied March 12, 1930.

H. L. Carpenter, L. L. James, and D. W. Huffar, all of Greenville, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.

Offense, assault to rape; penalty, two years in the penitentiary.

The injured female was a little girl five years old at the time of the commission of the offense, who lived with her parents in a residence adjoining that where the appellant lived.

Testimony for the state shows that the injured female was called into the house where appellant was playing a horn. He said he wanted to tell her something. He took her in a back room, spread vaseline or grease on his private parts, and attempted to penetrate her female organ. She went home thereafter crying and told her mother of the transaction. An examination of her private parts by her mother disclosed that they were in a reddened

condition and had grease on them. She wore bloomers at the time, the condition of which with reference to the presence of grease was in dispute. Her testimony as to her presence in the house with appellant at the time was corroborated in part.

We are of the opinion that the evidence was sufficient. It seems to meet the demands of the law in cases of this character. Allen v. State, 36 Tex. Cr. R. 381, 37 S. W. 429; Branch's P. C., § 1695.

■ Complaint is made that during the argument of the district attorney he held up the bloomers which it was shown the little girl wore on the day in question, and using a magnifying glass, he stated: "I submit that with the aid of a glass that right there where those pin holes are I can see grease. * * * I submit when you are reading a newspaper, if your eyes don't read right you get eye glasses, and put them on because they help you to see. I submit that if you take this glass and put it over this (bloomers) right there you can see indications of what these women say was there (the women having said it was grease)." Objection was made to this argument, and the bill is qualified to show that all the jurors who desired were permitted to use the magnifying glass and that the garment they were inspecting was introduced in evidence. No instruction was asked to disregard this argument. As presented, we do not think the matter, though in some respects perhaps improper, was such error as would demand a reversal. It has been held that the jury may use a magnifying glass and take same to the room with them. Hatch v. State, 6 Tex. App. 384. On the same question, see Alexander v. Blackburn, 178 Ind. 66, 98 N. E. 711, Ann. Cas. 1915B, 1091; Barker v. Perry, 67 Iowa, 146, 25 N. W. 100. The use of spectacles by those past middle life is the use of magnifying glasses. This, under ordinary circumstances, certainly could not be error. Since the jury in this case were permitted to see the garment through precisely the same instrument the district attorney used, we are of the opinion the matter was not hurtful to appellant.

■ Objection was made to the argument of the district attorney to the effect that they should give "a sure enough honest to God punishment in this case. These people are poor folks; this boy is a Red-Ball driver (meaning the father of the prosecuting witness)." It was proven without objection that the father of the injured female was a Red Ball driver, and 'the fact that they were poor folks could be inferred from this. No written instruction was asked to disregard these remarks. We do not believe that they were of that character which a written instruction would not have cured. It was the duty of appellant to request a written instruction to disregard the objectionable portion of this argument.

■ A doctor was permitted to testify over objection that grease on clothing that had been kept folded and handled around time and again would spread around and get more or less mixed with the other things there. This was an apparent attempt to explain the condition of the bloomers of the prosecuting witness, which the appellant contended and introduced evidence to show were without any grease spots. While the doctor was no more qualified than any other person to make this statement and it was not the subject of expert testimony, still it was a statement of a commonplace matter which is known to everybody. The jury had the bloomers before them, inspected them, and knew as well as the doctor did about the matter which he purported to testify concerning. There is some objection that no hypothesis was shown for his answer, but the fact that there was no hypothesis is not certified to as a fact, being only in the form of an objection. This would not entitle the bill to consideration, but we are of the opinion that if such had been shown in the bill, the answer was not of such prejudicial character as would demand a reversal, under the facts of this case.

Finding no error in the record, the judgment is affirmed.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## On Motion for Rehearing.

### HAWKINS, J.

Appellant files a motion for rehearing, in connection with which a persuasive argument is presented challenging that portion of our original opinion which relates to the use of a magnifying glass by the district attorney and his argument in connection therewith. Short v. State, 63 Ind. 376, involved a prosecution for burglary; for one of the links in the chain of evidence it became necessary to identify a ring which had been stolen at the time the burglary was committed. This ring had an inscription in it which had been removed. The jury was permitted to use a magnifying glass in an examination of the ring, to which objection was interposed. In passing upon the point the court said: "If the inscription mentioned could be found upon the ring, or a remaining part of it, it would strongly tend to identify the ring, as the Guthrie wedding-ring; and, *if the eye-glass in question augmented the natural power of the eye to discover the inscription, it did that which, in the light of science, it was made for; and, if it did not, we are unable to perceive that its use could have done any harm.*" (Italics ours.)

The little girl's bloomers had been introduced in evidence and were before the jury for inspection and for comment by the attorneys. We are inclined to regard the argument of the district attorney as the expression of his opinion as to what was disclosed by an examination of the bloomers. The same opinion might have been expressed by him without using the glass. It having been passed to the jury with opportunity for all of them to use it placed them in a position of equal opportunity to determine by aid of the glass what the bloomers did in fact disclose. Nothing the district attorney said could have added anything to what was on the bloomers or taken anything therefrom. The fact that some of the jurors availed themselves of the use of the glass, while others did not, we think would not affect the question.

Believing that a correct conclusion was reached in the original opinion, the motion for rehearing is overruled.