## T. J. SANDERS V. THE STATE.

No. 16867.   Delivered October 10, 1934.
Reported in 75 S. W. (2d) 116.

The opinion states the case.

*John J. Pichinson* and *Fred H. Woodard,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

Appellant patronized Mrs. Cordelia Hogue's home laundry prior to August 27, 1933, the date of the alleged offense. A misunderstanding arose between the parties and Mrs. Hogue became angry at appellant. Among Mrs. Hogue's children was Pearl, who was four years of age. Appellant was apparently fond of the child and on occasions she visted him in his home. In the early morning of the 27th of August, 1933, appellant came to Mrs. Hogue's home in his automobile for the purpose of showing her a rent house which she contemplated moving into. After looking at the house the parties returned to Mrs. Hogue's home. When Mrs. Hogue got out of the car appellant asked her if he might take Pearl home with him, saying that he would give her her breakfast. Mrs. Hogue gave her consent and appellant and Pearl drove away. According to the testimony of Mrs. Hogue, appellant brought the little girl home in about thirty minutes, helped her out of the car and left.

The alleged injured party, Pearl Hogue, was not used as a witness. The testimony of Mrs. Hogue as to declarations made to her by Pearl Hogue at the time of her return home,

together with the testimony of the physician who examined Pearl was relied upon by the State to establish the offense of rape. Upon the question of the alleged assault Mrs. Hogue testified, in substance, as follows: When appellant helped Pearl out of the automobile she observed that the child's dress was tucked in her bloomers. She asked her what was the matter. Pearl first replied "Nothing." Upon further questioning, she told her mother that she and appellant had been in the country. The witness then asked Pearl what happened out there. She answered appellant pulled her bloomers off and laid her down on the seat of the car; and that, after pulling his trousers down, he exhibted his private parts. Further, Pearl told her that after appellant let her up he in effect stated that he had had sexual intercourse with her.

About two hours after Pearl's return home a physician was called to examine her. According to his testimony, he found that the "maiden-head" had been ruptured, but discovered no presence of excretion. He testified further that there were bruises on the exterior portion of the vulva. Again, he testified that he found no evidence on which he could affirm that there had been recent penetration by a male organ. His testimony concerning statements made to him by Pearl Hogue was substantially the same as that of Mrs. Hogue.

The city marshal of Robstown questioned Pearl some time after the alleged assault. He gave testimony touching her declarations substantially the same as that of Mrs. Hogue. In this connection it might be stated that appellant requested the court to withdraw from the consideration of the jury the testimony of the city marshal and the attending physician as to declarations made to them by prosecutrix, on the ground that said declarations were hearsay. This motion should have been granted. The statements were not shown to be res gestae, having been made from one to two hours after Pearl returned home, and after she had detailed to her mother the circumstances touching the alleged assault.

During the trial prosecutrix was examined by two physicians who testified that the hymen was intact. In short, the testimony of the physicians last mentioned was to the effect that their examination disclosed no injuries whatever to the female organ of Pearl, and convinced them that she had at no time been penetrated by a male organ.

A neighbor of Mrs. Hogue testified that she had observed the female organ of prosecutrix something more than a week prior to the alleged offense and that it was abnormally red.

58

Testifying in his own behalf, appellant, who was sixty-five years of age, admitted that he was with Pearl on the occasion in question, but declared that he was guilty of no misconduct. He testified that during the time Pearl was in the car with him she expressed the desire to urinate; that, after pulling down her bloomers, he placed her on the running board of the car; that after she got back in the car he pulled her bloomers up and carried her home; that he had always been fond of the child, she having come to his house on many occasions.

Appellant timely and properly submitted to the court a requested instruction on the law of circumstantial evidence. We think that in a legal sense the State's case rested entirely upon circumstantial evidence. Pearl Hogue, the alleged injured party, was not called to testify. As already pointed out, the State relied upon the testimony of her mother touching the declarations made to her and on the testimony of the examining physician to establish the offense of rape. The evidence fails to show that Pearl stated that appellant's male organ penetrated her or so much as touched her private parts. That she was penetrated is inferable alone from the testimony of the physician to the effect that the "maiden-head" was ruptured and the exterior portion of the vulva bruised. In short, there is no direct testimony establishing penetration. Penetration must be established beyond a reasonable doubt, as it is a necessary element of the offense of rape. Article 1187, P. C.; Brown v. State, 14 S. W. (2d) 63, and authorities cited. The law does not require, however, that the penetration go to the extent of injuring the hymen. It is sufficient that the proof show that there was penetration between the labia of the feminine private parts. It is well settled that if the main fact is proved as a matter of inference from other facts in evidence that the case rests wholly, in a legal sense, upon circumstantial evidence. Branch's Ann. Penal Code, sec. 1873; Leftwich v. State, 31 S. W. 385. It follows that the failure of the court to submit the law of circumstantial evidence constitutes reversible error.

The court charged on rape and attempted rape. Appellant timely and properly presented a requested instruction covering the law of aggravated assault. The testimony of the physicians who examined prosecutrix during the trial negatived the idea of penetration. The declarations of the alleged injured party testified to by her mother went no further than to show that appellant exhibited his private parts, fondled her person, and stated to her in effect that he had had sexual intercourse with her. The jury might have concluded, from the declara-

tions of prosecutrix and the testimony of the physicians examining her on the day of the trial that appellant was guilty of indecent familiarity with her person, but that he did not penetrate her nor attempt to have carnal knowledge of her. It is observed that prosecutrix was under the age of consent and that in the indictment it was charged that she was under 18 years old and not the wife of the appellant. If appellant's conduct went no further than indecent familiarity his offense was no more than an aggravated assault. Enfield v. State, 250 S. W., 162, and authorities cited. If it went further, and was in execution of an immediate purpose at that time to accomplish the act of sexual intercourse, it was an assault with intent to rape. Enfield v. State, supra. If it was carried to the extent of penetration, however slight, the offense was rape. Enfield v. State, supra. We are constrained to hold that the evidence demanded a charge on the law of aggravated assault.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.