## WORTH RAVEN V. THE STATE.

No. 23288. Delivered March 13, 1946.
Rehearing Denied April 17, 1946.

The opinion states the case.

*Joe Anderson, Norris W. Lovett,* and *J. S. Simkins,* all of Corsicana, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a five year sentence on a charge of burglary.

There is no question about the sufficiency of the evidence to sustain the conviction. The appellant plead not guilty and was tried before a jury, without being represented by an attorney. After his conviction counsel was employed and he presented a motion for a new trial, the record of which is before us.

The indictment in the case charges that appellant burglarized a building belonging to Gale Zoder. Apparently the correct name is Gale Zoda and the court, in his charge to the jury, so submitted it. What took place during the trial of the case, which brought about this situation, is not revealed by the record. The sole question presented for our consideration is whether or not there is a variance between the indictment and the charge to the jury, it being contended that the names Zoder and Zoda are not the same and cannot be so considered under the doctrine of idem sonans.

Unfortunately the decisions of our country, and even those of our own State, cannot be easily reconciled. The rule is that if an attentive mind finds difficulty in distinguishing the words by the sound, when correctly pronounced, the rule applies. In such event it is hardly probable that a party at interest has been injured by a difference in the spelling.

Of the various discussions which we have found the most enlightening, in the opinion of the writer, appears in Jones v. State, 27 S. W. (2d) 653. The question was there raised for the first time on a motion for rehearing. Both Judge Hawkins and Judge Morrow, writing on the subject, call attention to the fact that the doctrine of idem sonans has been much enlarged by modern decisions to conform to the growing rule that a variance in a name, to be material, must be such as has misled a party to his prejudice. The authorities discussed by them seem to warrant such statement.

It would be rare that we find the same misspelled or varied words and, as a consequence, we would hardly be able to find a case discussing the word "Zoder" or "Zoda." In each decided case the words are tested by the same generally accepted rule, yet the conclusions are, as noted, much at variance.

There is nothing in the record of the instant case that would, in the remotest degree, indicate that appellant was mislead. He

would have no difficulty in pleading former jeopardy if subsequently indicted for the same offense. We commend the discussion in the Jones case, supra, and believe that it announces a correct rule, applicable to the instant case.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant relies on Garlington v. State, 150 S. W. (2d) 253, and Loven v. State, 167 S. W. (2d) 515, in urging that we were in error in affirming the judgment, and points out that in both cases mentioned the sound of the vowels controlled our holding, and that in applying the same rule in the present case the vowel sound of "da" and "der" are not the same. We think appellant overlooks the fact that the sound in pronunciation of the names here involved would largely depend on whether the accent was on the first or last syllable of the name.

Under the circumstances we are inclined to adhere to the conclusions expressed in our original opinion.

The motion for rehearing is overruled.