F. D. PIERCE V. STATE

No. 27,236. December 8, 1954
Rehealing Denied (Original Opinion Reformed)
January 12, 1955

*McCarthy, Rose & Haynes,* by *George S. McCarthy,* Amarillo, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is a conviction for the sale of whisky in a dry area; the punishment, a fine of $625.

It was stipulated that Hall County was a dry area.

The state's testimony shows that R. M. Barba and Lynn C. Burke, Inspectors, for the Texas Liquor Control Board, contacted appellant in a cafe and told him they wanted to buy some whisky, and that appellant replied that he had it for sale. The inspectors went with appellant in his automobile to a field where appellant obtained two pints of whisky, and he delivered one pint of the whisky to Inspector Barba who gave appellant $5 in payment therefor.

Inspector Barba testified that he broke the seal on the bottle at the time it was delivered to him by appellant; that he tasted its contents and it was whisky.

Appellant did not testify and offered no testimony.

Appellant contends that the evidence is insufficient to sustain the state's pleadings alleging a sale of an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit,

whisky, because it was not shown that the alcoholic content of such beverage was in excess of four per cent by weight.

We had before us a similar contention in Skinner v. State, 144 Texas Cr. R. 21, 159 S.W. 2d 878, where we said: "While Section 3a of Article 666, Vernon's Ann. P.C., defines an 'Alcoholic beverage' as 'any beverage containing more than one-half of one per cent of alcohol by volume,' etc., the article also defines 'liquor' as 'any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated.' 'Proof that an alcoholic beverage is alcohol, spirits of wine, whisky * * * shall be prima facie evidence that the same is liquor as herein defined.' Liquor is therein defined as any alcoholic beverage containing alcohol in excess of four per cent by weight. However, since we judicially know that whisky is an alcoholic beverage, and since proof of an alcoholic beverage shall be prima facie evidence that the same is liquor as therein defined, it necessarily follows that it contained alcohol in excess of four per cent by volume."

Appellant complains, in his amended motion for a new trial, of alleged jury misconduct; but said motion is not verified or supported by affidavit, therefore it is insufficient as a pleading and cannot be considered. 31 Texas Jur. 298, sec. 95; Yarborough v. State, 130 Texas Cr. R. 315, 94 S.W. 2d 179; Carruthers v. State, 143 Texas Cr. R. 45, 156 S.W. 2d 988; Boone v. State, 156 Texas Cr. Rep. 327, 242 S.W. 2d 380.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the court.

ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant for the first time on motion for rehearing raises the question of a variance between the information and the proof. The information charged that the whisky was sold to one R. M. Barber, whereas the statement of facts shows the prosecuting witness to be named R. M. Barba. In Raven v. State, 149 Texas Cr. Rep. 294, 193 S.W. 2d 527, the contention was made that a variance existed when the indictment charged the injured party's name to be Gale Zoder and the proof showed it to be Gale Zoda. In that case we set forth the idem sonans rule applied in this court and affirmed the conviction.

In our original opinion we disposed of appellant's formal bill of exception to the overruling of his motion for new trial alleging jury misconduct on the ground that the same was not supported by affidavit.

Appellant now calls our attention to the motion for new trial, appearing elsewhere in the transcript, which does contain the affidavit of the juror J. J. James. We note, however, that the motion recites that "the court having heard the said *motion and the evidence thereon submitted* is of the opinion that the same should be refused." No statement of facts on the hearing on the motion for new trial accompanies the record; therefore, appellant has not perfected his bill of exception under Article 760e. V.A.C.C.P., and we are in no position to pass upon the same. For all this record reveals, all of the jurors might have testified that no misconduct occurred.

The original opinion is reformed, and the appellant's motion for rehearing is overruled.