**Anthony Martin ZILKA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37311.**

Court of Criminal Appeals of Texas.

Dec. 16, 1964.

Rehearing Denied Jan. 27, 1965.

John B. Reese, of Neal, Hazlewood & Wolfram, Amarillo, (Above firm on appeal only) Joseph H. Pool, Amarillo, for appellant.

George E. Dowlen, Dist. Atty., Canyon, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is rape; the punishment, life.

The witness Jones testified that appellant, accompanied by the injured girl, came to the farm where he was living on the morning of the day in question, that appellant reported to him that the girl had "slid off the car seat down on the floor and hit a piece of iron", and that after they entered his house and at appellant's request, he tore up a sheet which appellant used to make two separate diapers in an effort to stop the flow of blood from her private parts. He testified that appellant stated that "the man that gets her won't get no cherry" when referring to the injured girl. Jones stated that instead of working on an automobile as they had planned he accompanied appellant back to his home and thence to the hospital where appellant was arrested.

The girl's mother testified that she was married to the injured girl's natural father but that she had been living with appellant for some time and was in the process of divorcing her husband. She further testified that she planned to marry Tony, the appellant, by whom she had borne another child. She stated that the injured child was three years old and was in good health when she left home on the morning in question, but was injured when she and appellant returned and that appellant admonished her not to say anything about the injury. She stated that when appellant left to see about getting some money she went next door and summoned her neighbor, Mrs. Poole, who looked at the girl and advised her to "call the law". She testified that she and appellant carried the girl to the hospital where appellant told the doctor that the child had been "hurt with a screw driver", but that after examining the child the doctor reported that she had been raped.

Mrs. Poole testified that in response to Mrs. Andrews' plea for help she found the injured child lying on the bed with blood on her body and clothes, that the child looked up at her and said "he hurt me" and when the child's mother asked "who hurt you?", the child replied, "Tony did."

The record reflects that witnesses Jones and Andrews (the girl's mother) referred to appellant as "Tony" throughout their testimony.

Dr. Hand testified that he examined the bloody vagina of the injured child and found a tear three-fourths of an inch wide and four or four and one-half inches deep and that an examination of a swab revealed "several dead sperm" along the full length of the vagina.

Appellant testifying in his own behalf admitted two prior felony convictions in the State of Pennsylvania, denied that he raped the child, but admitted that she was bleeding from her private parts at the time he first saw the witness Jones and did not claim that the child was with anyone else prior to his meeting with Jones.

The jury resolved the issue of fact against appellant, and we find the evidence sufficient to support the conviction.

By brief and in argument appellant contends that the court erred in admitting the testimony of Mrs. Poole as to the outcry of the injured child. The State relies upon our opinion in Haley v. State, 157 Tex.Cr.R. 150, 247 S.W.2d 400, and we agree that such holding is here controlling.

He next contends that the court erred in not charging the jury on circumstantial evidence. The case most nearly in point we have concluded is Hale v. State, 164 Tex.Cr.R. 482, 300 S.W.2d 75. There we said that the testimony of the doctor plus the outcry took the case out of the circumstantial evidence rule.

Finding no reversible error, the judgment is affirmed.