**Robert Nathaniel SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43771.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Rehearing Denied July 14, 1971.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Thomas Henderson, Asst. Dist.

Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is theft of property of more than the value of $5.00 and less than $50.00; the punishment, seven (7) days in jail and a fine of $50.00.

■ Appellant challenges the sufficiency of the evidence to show that the offense was committed at a time within the Statute of Limitations, Art. 12.05, Vernon's Ann. C.C.P. The owner testified that the particular upholstery material was cut and prepared for delivery on the day it was reported missing from his place of business, June 27, 1969, and that it was recovered on that same day from the appellant's automobile. The information was filed on July 2, 1969. His first ground of error is overruled.

■ Appellant next complains that the evidence is insufficient because all of the items related in the information were not recovered. It is undisputed that certain specialized upholstery material was stolen, was recovered from appellant's possession and that it had a value of over $5.00 and under $50.00.

■ There is also a complaint that the information charged that the property was stolen from Carl Wallman, but that the prosecuting witness was named by the court reporter as Carl Waldman. The witness did not spell his name; however, the two names are idem sonans, see Rodriguez v. State, Tex.Cr.App., 363 S.W.2d 472; Burks v. State, Tex.Cr.App., 35 S.W. 173, and Hale v. State, 164 Tex.Cr.R. 482, 300 S.W.2d 75.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

OPINION

ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

On rehearing appellant contends we erroneously construed his ground of error relating to the sufficiency of the evidence to support the conviction, as the property described in the information was never shown to have been stolen nor was it found in the possession of appellant.

Carl Waldman, the President of Furniture Designs Company, testified that he discovered some upholstering material missing from his plant, "coverings primarily and some thread and hardware." On cross-examination by appellant's counsel, he testified:

"Q. By the same token, of your own knowledge you do not know when this particular hardware we are speaking of was removed from your plant if it was removed, is that correct?

"A. That's correct.

"Q. By the same—

"A. (Interrupting) Except for the fact that the hardware was found in the pocket of this individual."

Julius T. Cockrell, the arresting officer, testified:

"Q. (By the Prosecutor) As a result of this conversation with Mr. Smith, did he lead you to any property?

"A. Yes, sir.

"Q. Where was this property?

"A. In his car, parked in front of the building.

"Q. In front of the Furniture Designs Company?

"A. Yes, sir.

"Q. What was this property in the car, sir?

"A. He had some pieces of boards that were cut according to specifications of this particular company and he had several pieces of material. Also, he had some thread, some commercial spools of thread in the car.

\* \* \*

"Q. In the presence of Mr. Smith, the defendant, did Mr. Waldman identify any of this property?

"A. Yes, sir.

"Q. He identified it as belonging to Furniture Designs Company?

"A. He did, sir."

We remain convinced that the evidence is sufficient to support the verdict.

Appellant's motion for rehearing is overruled.