Monte Ervin WESLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–059–CR.

Court of Appeals of Texas,
Texarkana.

April 26, 1988.

Jim Thompson, Atlanta, for appellant.

Neal Birmingham, Criminal Dist. Atty.,
Linden, for appellee.

BLEIL, Justice.

Monte Ervin Wesley appeals his conviction for aggravated assault. Wesley claims that he was denied his right to a speedy trial, that the trial court erred in proceeding to trial after acknowledging that Wesley had been absent from certain trial proceedings, and that the trial court

failed to require that the indictment reflect the correct spelling of his name. We affirm the conviction.

Wesley was indicted on March 19, 1986. His first trial resulted in a mistrial on June 12, 1986. On September 26, 1986, Wesley filed a motion for the transcription of testimony from this trial. He filed motions for continuance on July 23, 1986, and on October 27, 1986. The court reporter delivered the transcribed testimony to Wesley on August 21, 1987, and the second trial was held on September 21, 1987.

Wesley contends that the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution. In determining whether a defendant's right to a speedy trial under the United States and Texas Constitutions has been violated, this Court must consider and weigh four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Chapman v. Evans*, 744 S.W.2d 133 (Tex.Crim.App., 1988) (not yet reported).

■ The length of delay in this case is over fifteen months, the period of time from the date of mistrial to the second trial. The delay resulted from the time required by the court reporter to prepare the statement of facts from the first trial. Wesley desired the transcription of the testimony so that his attorney could properly represent him, and he filed two motions for continuance during this time. The time it took the court reporter to deliver the transcription of testimony was not within the State's control, and the State did not directly or indirectly cause the delay.

■ And, during this period Wesley failed to assert his rights. The remedy for delay in coming to trial is a request to the trial court for a speedy trial or application for writ of mandamus. *Hudson v. State*, 453 S.W.2d 147 (Tex.Crim.App.1970). Wesley took no action, other than asking for a continuance, during the delay in receiving the transcript. Wesley also failed to show prejudice as a result of the delay. He was not incarcerated during the period of delay and the record contains no evidence of prejudice. Therefore, we conclude that Wesley was not denied his right to a speedy trial.

■ Wesley also asserts that the trial court erred in proceeding with the trial when he was absent during a portion of the jury voir dire. Wesley was initially present during examination of the jury panel members. Three panel members stated reasons why they felt they should not serve on the case. The trial court required these three persons to remain for further examination and excused the rest of the jury panel for a lunch break. Apparently, Wesley left the courtroom at that time. Therefore, the remaining three panel members were examined in Wesley's absence.

Tex.Code Crim.Proc.Ann. art. 33.03 (Vernon Supp.1988) provides, in pertinent part, as follows:

> In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, *or after the jury has been selected when trial is before a jury*, the trial may proceed to its conclusion. (Emphasis added).

Wesley argues that he could not have voluntarily absented himself during the examination of the three remaining panel members because the jury had not been selected. Wesley cites *Miller v. State*, 692 S.W.2d 88 (Tex.Crim.App.1985), for the proposition that an accused person may not waive his right to be present at his trial until the jury has been selected.

Wesley seeks reversal of his conviction on the basis of his absence during the

examination of the three remaining panel members. Wesley's attorney challenged the first of these panel members. The trial court sustained this challenge. The State challenged the second and third panel members and the trial court denied these challenges. Therefore, everything that occurred in Wesley's absence inured to his benefit.

In *Mares v. State,* 571 S.W.2d 303 (Tex. Crim.App.1978), the defendant moved for a mistrial on the ground that several motions were taken up by the court in chambers without the defendant's presence. The court found no error and no violation of Article 33.03, citing *Cartwright v. State,* 96 Tex.Crim. 230, 259 S.W. 1085 (1923), which announced the following rule: "It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be either an actual showing of injury or a showing of facts from which injury might reasonably be inferred." In *Mares,* the court found no injury to the defendant as a result of having been absent from the in-chambers conference. Wesley has failed to show any injury as a result of his absence during the brief period of time he was outside the courtroom.

■ Wesley also maintains that the trial court erred in failing to require the indictment to be amended to reflect the correct spelling of his name. The appellant's name is Monte Ervin Wesley, while the indictment reads Montre Ervin Wesley. Tex. Code Crim.Proc.Ann. art. 26.08 (Vernon 1966) provides as follows:

> If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, *the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him,* the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment. (Emphasis added).

The trial court complied with all but the emphasized portion of the article. Wesley's attorney at trial suggested Wesley's true name to be Monte instead of Montre and orally moved to amend the indictment to correctly reflect Wesley's name. Wesley spelled his name correctly for the trial court, which ordered the record changed to reflect the true spelling of Wesley's name. The style of the case reflects the corrected spelling; however, the indictment remains unchanged. Wesley argues that the indictment should have been amended and that the trial court erred in proceeding to trial without having the correct spelling of his name inserted.

■ Under the doctrine of "idem sonans," a variance in names, to be material, must have misled a party to his prejudice. *Raven v. State,* 149 Tex.Crim. 294, 193 S.W.2d 527 (1946). Wesley does not argue and there is no showing that he was misled to his prejudice by the "r" in Monte. Thus, we perceive no harm. However, we now direct the clerk of the Court of Appeals to amend the indictment by inserting the correct spelling of Wesley's name in the indictment so that it reflects his name as Monte rather than Montre.

We affirm the trial court's judgment.