**Burham Ibrheen OBEIDAT, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–145–CR.**

Court of Appeals of Texas,
Fort Worth.

April 18, 1990.

Tim Curry, Crim. Dist. Atty., and Loretta Stauffer, Asst. Dist. Atty., Fort Worth, for appellant.

Max Blankenship, Fort Worth, for State.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Burham Ibrheen Obeidat, was convicted of the offense of false imprisonment. *See* TEX. PENAL CODE ANN. sec. 20.02 (Vernon 1989). The jury assessed punishment of sixty days in jail and a fine of $1,000 plus court costs. He brings one point of error complaining of the court's failure to grant his Motion for Instructed Verdict of not guilty.

We affirm.

The information at trial listed the last name of the victim as "WEBSTER," but at trial she testified that it was "WESTER." During trial, when appellant's counsel heard the victim's testimony, he made a Motion for Instructed Verdict of not guilty because there was a fatal variance between the proof and allegations and the evidence was insufficient to convict. The court denied his motion. The State rested. The appellant then took the stand and testified. While we do not need to review the alleged trial court error in failing to grant the motion, as appellant waived the same when he thereafter put on his defense (*see Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex. Crim.App.1981)), nevertheless, in the inter-est of justice we will consider his point on appeal as one challenging the sufficiency of the evidence to convict.

The trial court instructed the jury to acquit appellant unless they found beyond a reasonable doubt that the names "Webster" appearing in the information, and "Wester" as testified to at trial, are usually pronounced in such a way that the names are indistinguishable or that the attentive ear finds difficulty in distinguishing them when pronounced. The jury returned its verdict of guilty.

A misspelled name in an information does not create a fatal variance between allegation and proof if the name alleged and that pronounced are *idem sonans. Jenke v. State*, 487 S.W.2d 347, 348 (Tex. Crim.App.1972). Absolute accuracy in spelling is not required. *Dingler v. State*, 705 S.W.2d 144, 145 (Tex.Crim.App.1984) (en banc).

We conclude that if the name as spelled sounds like the correct name, the two are *idem sonans* and there is no variance. See the following cases and the names therein: *Jenke*, 487 S.W.2d at 348 ("MAHAFFREY" and "MAHAFFEY"); *Smith v. State*, 468 S.W.2d 824, 825 (Tex.Crim.App.1971) ("WALLMAN" and "WALDMAN"); *Hale v. State*, 164 Tex.Crim. 482, 300 S.W.2d 75, 78 (1957) ("CLIMBER" and "CLIMER"); *Raven v. State*, 149 Tex.Crim. 294, 193 S.W.2d 527 (1946) ("ZODER" and "ZODA"); and *Smith v. State*, 763 S.W.2d 836, 838 (Tex.App.—Dallas 1988, pet. ref'd) ("RICHAD" and "RICHARD"). To this list we now add "WESTER" and "WEB-STER."

There was no harm to appellant by the misspelling of the victim's name, and no prejudice to any right of his precluding a fair trial, or barring a retrial had he been acquitted. Ms. Wester was the person "Webster" he was accused of imprisoning falsely. The jury so concluded beyond a reasonable doubt.

The point of error is overruled; the judgment is affirmed.