IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-077-CR




JOHN MORGAN, SR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 926334, HONORABLE BOB PERKINS, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder. Tex. Penal Code Ann. § 19.02 (West
1989). The district court assessed punishment at imprisonment for sixty years. 

 In three points of error, appellant contends his constitutional and statutory rights
were violated when the voir dire examination of prospective jurors was conducted in his absence. 
U.S. Const. Amends. VI, XIV; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 33.03
(West 1989). When the jury panel was called into the courtroom, the court welcomed them and
said, "The defendant is not here right now. He'll be here in a few minutes. . . . We're waiting
for him to be here. Once he gets here, then we'll be able to start." Appellant's points of error
are predicated on the absence of any indication in the statement of facts that appellant returned to
the courtroom before the conclusion of voir dire.

 After appellant's brief was filed, the State filed a motion to amend the record
supported by affidavits from trial counsel and the trial judge stating that appellant was briefly
absent while changing into civilian clothes, and that he returned to the courtroom before any
substantive voir dire was conducted. See Tex. R. App. P. 55(b). This Court granted the State's
motion in part and instructed the district court to make findings of fact with regard to appellant's
whereabouts during voir dire. The court's findings were filed as a supplemental transcript. In
them, the district court states that "[appellant] was absent while he changed from prison clothing
into civilian attire," that "[p]rior to the initiation of any aspect of actual voir dire by the Court,
the State, or the defense, the defendant entered the courtroom and was seated next to defense
counsel," and that "[t]he court reporter failed to notate the entrance of [appellant] in the statement
of facts." The court also states in its findings, "I `filibustered' until the defendant got there and
then I allowed the State to proceed." "[Appellant] was present during all portions of the actual
voir dire examination."

 The record, as supplemented by the district court's findings of fact, reflects that
appellant was absent only during the court's preliminary remarks to the jury panel. Appellant was
present during the actual voir dire examination by counsel. No reversible error is presented. 
Mares v. State, 571 S.W.2d 303 (Tex. Crim. App. 1978); Wesley v. State, 749 S.W.2d 933 (Tex.
App.--Texarkana 1988, no pet.); Tex. R. App. P. 81(b)(2). The points of error are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 1, 1994

Do Not Publish