OSTELL RICE v. THE STATE.

No. 22860. Delivered May 17, 1944.

The opinion states the case.

*Leighton B. Dawson* and *Doyle Pevehouse,* both of Corsicana, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the offense of rape and assessed a penalty of twenty-five years in the penitentiary.

The prosecutrix was a seven-year old girl whose parents were neighbors to appellant and his wife. There could be no contention that the evidence does not support the jury's verdict and it will not be necessary to discuss the facts further than those referred to in the two bills of exception.

At the time of his arrest some ten days after the offense was alleged to have been committed, appellant signed a written confession admitting his guilt and also that he was suffering from a venereal disease. On the trial of the case he repudiated his confession and denied that he had the disease referred to. Two doctors were called to testify and their evidence, embraced in the two bills of exception, was to the effect that appellant had the disease and that the prosecutrix, in their opinion, was infected with the same disease. Contention is made that this evidence is not admissible because it is not germane to any issue in the case and that it is not a part of the offense charged. We think it is proper testimony because it corroborates the story given by the witness, a child of tender years, and tends to identify appellant as the party who committed the offense. The doctor gave positive evidence that the child's parts had been penetrated, corroborating a clear story which she detailed. The evidence that the child had the same disease as appellant was a corroborating circumstance, from all the facts of the case, and has been held to be admissible by this court for that purpose. Allen v. State, 37 S. W. 429; Flannery v. State, 117 S. W. (2d) 1111.

It is insisted in support of the bills that because the party on trial denied that he had the disease, the State's evidence was insufficient to raise an issue for the jury. We have concluded, in the light of the record, that this objection goes only to the weight of the evidence and in all probability was argued to the jury whose province it was to pass on that question. Both doctors testified that they could only give their best opinion as to the existence of the disease, because they had made no laboratory test. However, they did give it as their best opinion and each sufficiently stated his opinion, as a physician, to raise an issue for the jury. Whether the jury accepted the doctor's evidence or not may become immaterial in the proper consideration of the case for we note that, while appellant denied the offense of "rape," he did admit the act of intercourse, in the following wording: "Yes, sir. At the time I had intercourse with Tennie Ruth I didn't have the claps; I ain't got no claps; I didn't have them on that date; I didn't have them on the 29th day of June, the day I made this statement."

This being true, and considering the child's age, the jury's verdict was amply supported, regardless of their consideration of the weight of the doctors' evidence.

The procedure is in every way regular; the evidence sustains the jury's verdict; and the bills reflect no error. The record in the case reflects a degree of caution and consideration for the accused by the trial court which has attracted the writer's attention as most unusual and commendable.

The judgment of the trial court is affirmed.