**Affirmed and Memorandum Opinion filed August 12, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00544-CR

_____

**LENIN ANTONIO LIRIANO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 1301148**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Lenin Antonio Liriano of aggravated sexual assault of a child under the age of fourteen, and the trial court sentenced him to sixteen years' confinement. Appellant challenges his conviction in a single issue, arguing that the trial court erred by excluding evidence that appellant had hepatitis B and the complainant did not. Because the trial court did not abuse its discretion by excluding appellant's proffered evidence, we affirm the trial court's judgment.

## BACKGROUND AND ARGUMENTS

The complainant testified that appellant, her former stepfather, raped her on two occasions during the summer of 2010 when she was thirteen years old. She testified that he penetrated her vagina with his penis both times. On the first occasion, he ejaculated after having intercourse with her, and his ejaculate got on his clothes. She did not think he ejaculated when he raped her the second time. She did not recall if he wore a condom but testified, "I guess he wasn't."

At trial, appellant sought to introduce testimony from the complainant's mother that appellant had told her before they married in 2003 he had contracted hepatitis B, a disease that could be transmitted by having unprotected sex. Appellant also sought to introduce testimony from the complainant and the complainant's mother that the complainant had been tested for hepatitis B but had not been diagnosed with the disease. The State objected based on relevancy, and the trial court sustained the State's objection.

In his sole issue on appeal, appellant contends that evidence of his having hepatitis B and the complainant not having hepatitis B was relevant under Rule 401 of the Texas Rules of Evidence. The State responds that the evidence was irrelevant because appellant did not adduce medical expert testimony that he actually carried the disease or testimony about the transmission and incubation period of the disease. We hold that the trial court acted within the zone of reasonable disagreement by excluding the evidence as irrelevant.

## RULE 401: RELEVANCY

We review a trial court's ruling to exclude evidence under an abuse of discretion standard. *Resendiz v. State*, 112 S.W.3d 541, 544 (Tex. Crim. App.

2

2003). We will not reverse the trial court's ruling unless it falls outsize the zone of reasonable disagreement. *Id.*

"Generally, all relevant evidence is admissible." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009) (citing Tex. R. Evid. 402). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex. R. Evid. 401. This definition is "necessarily a broad one." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). Even "marginally probative" evidence should be admitted if "it has any tendency at all, even potentially, to make a fact of consequence more or less likely." *Fuller v. State*, 829 S.W.2d 191, 198 (Tex. Crim. App. 1992). "Evidence need not by itself prove or disprove a particular fact to be relevant; it is sufficient if the evidence provides a small nudge toward proving or disproving some fact of consequence." *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010) (quotation omitted).

Evidence concerning STDs may be relevant in a sex offense case. *See* 65 Am. Jur. 2d *Rape* § 49 (2d ed. 2014) (discussing the admissibility of evidence of sexually transmitted diseases in sex offense cases); 3 Jones on Evidence § 19:24 (7th ed. 2013) (same); *see also Green v. State*, 532 S.E.2d 111, 113–14 (Ga. Ct. App. 2000) (observing that "proof that either the victim or the aggressor in a sexual assault had (or did not have) a sexually transmitted disease certainly can be relevant"). [1]

---

[1] Courts frequently determine STD evidence is relevant in sex offenses. Sometimes the state relies upon evidence that both the victim and the defendant had the same STD as evidence of guilt in sex offense cases. *See, e.g.*, *Steadman v. State*, 280 S.W.3d 242 (Tex. Crim. App. 2009) (evidence that the defendant and the child victim both had gonorrhea was probative of appellant's guilt for aggravated sexual assault); *Rice v. State*, 180 S.W.2d 342, 343 (Tex. Crim. App. 1944) (evidence that the child and defendant both had the same venereal disease was

3

However, to determine whether evidence is relevant in a particular case, courts must "examine the purpose for which the evidence is being introduced." *Layton*, 280 S.W.3d at 240. There must be a "direct or logical connection between the actual evidence and the proposition sought to be proved." *Id.* And if a lay juror is not in a position to determine or infer that particular evidence would make a fact of consequence more or less likely, then expert testimony may be required to explain the significance of the evidence; and without such testimony, the evidence should be excluded as irrelevant. *See id.* at 241–42. Thus, it is the trial judge

admissible as a corroborating circumstance of guilt). Such evidence may be relevant where it makes it more probable that the defendant had sexual contact with the victim. *See Franklin v. State*, 986 S.W.2d 349, 356–57 (Tex. App.—Texarkana 1999) (non-expert CPS worker's testimony that the defendant and complainant both had HIV was relevant because "[e]vidence that [the defendant] is infected with a disease commonly spread by sexual contact and that the victim is infected with the same disease makes it more likely that he had sexual contact with her"), *rev'd on other grounds*, 12 S.W.3d 473 (Tex. Crim. App. 2000).

Sometimes the accused relies upon evidence that the defendant or victim had an STD and the other person did not at the time of the alleged sexual contact as evidence that defendant had no sexual contact with the victim. *See State v. Ford*, 410 S.W.3d 341, 346–47 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (assuming without deciding that the defendant suffered substantial prejudice from a pre-indictment delay in prosecution, consistent with the trial court's findings, because now-destroyed test results showing that the defendant did not have syphilis while the victim did have syphilis would have "exculpated" the defendant); *Anderson v. State*, 8 S.W.3d 387, 393 (Tex. App.—Amarillo 1999, pet. ref'd) (holding that the evidence was factually sufficient when there was evidence the victim was infected with chlamydia but the defendant and his wife were not, but "[g]iven this evidence, a question of fact arose regarding appellant's identity as the assailant"); *Kimberlin v. State*, 877 S.W.2d 828, 832 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding the evidence was legally insufficient to support the charged offense of contacting the child's sexual organ with the defendant's mouth although there was evidence that the defendant had chlamydia a year before the alleged assault, the victim had chlamydia, and chlamydia can be transferred by oral contact; "While the State did show that the victim had a sexually transmitted disease, it did not link this evidence to the defendants by showing that either had the same disease at the time of the offense."); *Redwine v. State*, No. 09-03-556-CR, 2005 WL 550660, at *3 (Tex. App.—Beaumont Mar. 9, 2005, no pet.) (mem. op., not designated for publication) (holding that trial counsel did not perform deficiently by failing to object to evidence that the defendant attempted sexual intercourse with the victim, when there was also evidence that the defendant had a venereal disease and did not use a prophylactic device, because "counsel depended heavily on the fact that the child presented normal findings on gynecological examination and was free of disease despite her claim of years of sexual contact to undermine the victim's testimony and to support the defensive theory that no sexual contact ever occurred").

4

making the relevancy ruling who determines whether a lay juror is in such a position, and we may reverse that ruling only when there is no room for disagreement that "in common experience a particular inference is available." *Montgomery*, 810 S.W.2d at 391.

Here, appellant sought to prove that he had hepatitis B at the time of the assault, and the complainant did not contract hepatitis B, so it was less likely he had sexual intercourse with her. Appellant did not, however, offer direct evidence that he had hepatitis B at the time of the assault. Instead, the actual evidence of his hepatitis B infection was his statement to the complainant's mother sometime around 2003, about seven years beforehand, that he was infected with hepatitis B. There was no evidence, expert or otherwise, that appellant continued to carry the hepatitis B virus in 2010. There was no evidence, expert or otherwise, that appellant would in all probability have been infectious in June or July 2010 when the alleged assault occurred.[2] There was no evidence, expert or otherwise, that hepatitis B is or is not curable.

We need not, therefore, resolve whether the trial court would have erred in excluding evidence that appellant had hepatitis B at the time of the alleged assault and the complaint did not have hepatitis B following the alleged assault. Instead, we need only resolve whether the trial court erred in its exclusion of evidence that appellant had hepatitis B seven years prior to the alleged assault. Where, as here, there is no other evidence about hepatitis B as an STD, such a relevancy ruling necessarily includes consideration of whether the common experience of jurors would permit the inference that appellant continued to have hepatitis B in 2010. We hold that it was within the zone of reasonable disagreement for the trial court

---

[2] Although the complainant testified directly that appellant had hepatitis B, she clarified that she only knew this information because her mother told her about it, and she did not know whether appellant was infected with hepatitis B in 2010.

to conclude that such an inference could not be drawn. *See Smith v. State*, 737 S.W.2d 910, 914–15 (Tex. App.—Fort Worth 1987, pet. ref'd) (holding that evidence the victim had gonorrhea was not material to a fact at issue in the case in part because the only evidence the defendant adduced to attempt to show he was not suffering from the disease was the testimony of a nurse at the jail that the defendant had not requested treatment for gonorrhea and no tests had been requested or performed to determine whether he had the disease); *see also Johnson v. State*, 651 S.W.2d 434, 436–37 (Tex. App.—Dallas 1983, no pet.) (holding that the trial court did not abuse its discretion by excluding evidence, under the rape shield law, of the victim's STD when the defendant failed "to show that he was in fact clear of the disease"); *cf. Layton*, 280 S.W.3d at 241–42 (when the State charged the defendant with driving while intoxicated and limited the method of intoxication "by reason of the introduction of alcohol into the body," evidence that the defendant took prescription medications more than twelve hours before driving was irrelevant without expert testimony explaining that the medications would have had an effect on the defendant's alcohol intoxication; "a lay juror is not in a position to determine whether Xanax and Valium, taken more than 12 hours before arrest, would have any effect on Appellant's intoxication").

The trial court could have concluded that a particular inference appellant sought to establish was not available in common experience. We agree that a lay juror is not in a position to determine whether appellant's hepatitis B infection in 2003 would mean he was also infectious in 2010. And without the inference appellant sought to establish regarding his infectiousness in 2010, the complainant's not being diagnosed with hepatitis B does not have any tendency to make it less likely that appellant sexually assaulted her. We uphold the trial court's exercise of its discretion. Appellant's sole issue on appeal is overruled.

6

## CONCLUSION

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

/s/    Sharon McCally
       Justice

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).